OPINION OF THE COURT
Barbara Gunther Zambelli, J.
Defendant is charged by simplified traffic informations with 13 violations of the Vehicle and Traffic Law. Three informations charge a violation of Vehicle and Traffic Law § 511 (1) (a), operating a motor vehicle with a suspended license, on three separate days.
During the trial defense counsel objected to the admission in evidence of documents subpoenaed from the Commissioner of Motor Vehicles. Due to the complexity of the issues raised on the objection and the importance of these issues to all Vehicle and Traffic Law § 511 (1) (a) charges brought in this court, the court reserved decision on the objection.
An essential element of the traffic infraction of operating with a suspended license is the operator’s knowledge that the license is suspended. (People v Zapf, NYU, Feb. 9, 1988, at 16, col 2 [App Term, 9th, 10th Jud Dists].) In order to establish that the defendant knew his license was suspended on March 13, 1989, April 20, 1989, and September 24, 1989, the Corporation Counsel offered the following evidence:
people’s exhibits in evidence
IA. Driver license suspension Order dated January 19, 1989 (improper turn);
IB. Driver license suspension order dated January 19,1989 (operating without insurance);
IC. Driver license suspension order dated January 19,1989 (faulty lights);
ID. Driver license suspension order dated Fedruary 17, 1989 (passed red light);
IE. Driver license suspension order dated January 19,1989 (no seat belt);
IF. Order of suspension or revocation number S809260;
IG. Affidavit of regularity of Sharon Greene;
1H/1I. License suspension order City Court of White Plains dated September 8, 1989;
IK. Affidavit of regularity by William Leonardo;
IL. Affidavit of regularity by Phyllis Bootier.
*386 The affidavits of regularity are prepared by employees of the New York State Department of Motor Vehicles (hereinafter D.M.V.) pursuant to Vehicle and Traffic Law § 214.
In substance, the affidavits describe the procedures used by D.M.V. to notify the driver by mail of a suspension or revocation of the driver’s license.
Defendant’s objections to the admission of these affidavits are grounded on due process considerations. Specifically, the defendant argues that the affidavits lack personal knowledge from the affiants that the suspended notices were issued, picked up by the postal authorities, and mailed. Additionally, no comparison is made between a master list of notices to be mailed and those that are actually delivered to the postal authorities. Hence, defendant argues, the system is inherently unreliable.
Section 214 provides in relevant part: "The production of a copy of the notice of suspension or revocation together with an electronically-generated record of entry of the suspension or revocation upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such suspension or revocation setting forth the procedure for the issuance and the mailing of such notice of suspension or revocation shall be presumptive evidence that such notice of suspension or revocation was produced and mailed in accordance with such procedures”.
It is a fundamental rule that a court must give effect to the plain meaning of a statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 92).
It is clear from the language of this statute that the affiant need not have personal knowledge concerning the actual mailing of the notice. If any ambiguity exists concerning the necessity for personal knowledge, it is resolved by the legislative history of Vehicle and Traffic Law § 214. (See, New York State Bankers Assn. v Albright, 38 NY2d 430.)
The Department of Motor Vehicles sends notices of suspension by first class mail. In the past the D.M.V. had been unable to provide legally sufficient proof of the mailings. (See, e.g., People v D'Agostino, 120 Misc 2d 437.) Recognizing this problem, the New York State Legislature enacted section 214, thereby providing a statutory presumption of mailing where there is compliance with the statute’s requirements. (See, mem of Sen Norman J. Levy, 1987 NY Legis Ann, at 241-242.)
*387 Thus, Vehicle and Traffic Law § 214 relieves the prosecution from providing personal knowledge of the mailing of the notice.
The next issue is whether the court should decline to apply section 214 on the grounds that the affidavits violate defendant’s constitutional right of confrontation. By permitting an employee to submit an affidavit in lieu of testifying, the defendant is denied an opportunity to cross-examine the witness.
With the enactment of section 214, the Legislature has created a new statutory exception to the hearsay rule. Courts have historically recognized documents admitted in evidence pursuant to legislatively created exceptions to the hearsay rule. (See, e.g., CPLR 4518.) While these exceptions may impair the right of confrontation, they do not amount to an unconstitutional deprivation of the right to confrontation (see, People v Porter, 46 AD2d 307, 312; see also, People v Nisonoff, 293 NY 597, rearg denied 294 NY 696, cert denied 326 US 745). Since the affidavits are made by public officials in the furtherance of public duties with no motive to distort the truth, they are sufficiently reliable and trustworthy to form exceptions to the hearsay rule. (See, Richardson, Evidence § 342, at 308 [Prince 10th ed].)
Moreover, the statute creates a presumption of mailing which may be rebutted by the defendant thereby affecting the weight of the evidence. Thus, defendant’s objections that the provisions of section 214 of the Vehicle and Traffic Law violate due process and deprive him of a fair trial are overruled.
Defendant further objects to the Bootier affidavit arguing that it does not specifically refer to the license suspension by number. In the court’s opinion, the Bootier affidavit adequately sets forth the procedures for the issuance and mailing of the notices known as "J” orders.
Defendant next attacks the D.M.V. abstract of defendant’s driving record offered to establish that defendant’s license was suspended on the dates in issue. Defendant contends that the People have not laid a foundation under CPLR 4518, the business records exception to the hearsay rule.
The court agrees with defense counsel that the abstract cannot be admitted under CPLR 4518. However, in the court’s opinion, the abstract is admissible under CPLR 4520 and the common-law public records exception to the hearsay rule. *388 Where a public officer is required or authorized by statute or by the nature of his duty to keep records or to make reports of acts or transactions occurring in the course of his official duty, those records or reports so made by the public officer or under his supervision are admissible in evidence. (See, Sklar, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4520, at 480; Richardson, Evidence § 342, at 308 [Prince 10th ed].)
The abstract herein was prepared pursuant to the express provisions of Vehicle and Traffic Law § 354. Therefore, it is admissible on both grounds. For the same reasons, the orders of suspension or revocation are admissible. (See, Vehicle and Traffic Law §§ 354, 514 [3].)
Accordingly, based on the foregoing, the objections are overruled and the documents are admitted in evidence.