OPINION OF THE COURT
James B. Kane, J.
Plaintiffs in the Eighth Judicial District asbestos litigation move for a pretrial determination that unspecified portions of the United States Environmental Protection Agency’s "Final Rule on Asbestos” (Final Rule), published in the Federal Register on July 12, 1989 (54 Fed Reg 29460) be admitted at future trials.
In support of their motion, plaintiffs cite the "well-recognized exception to the rule against hearsay” at common law for public and official documents (Fed Rules Evid, rule 803 [8]; CPLR 4520, 4540).
Defendants oppose the motion, arguing that the Final Rule is irrelevant, should not be admitted as its admission does not constitute a statutory or common-law exception to the hearsay rule and finally is unduly prejudicial to defendants.
The Final Rule in question, of which only the regulatory portion is codified at subpart I of part 763 of title 40 of the Code of Federal Regulations (40 CFR 763.160-763.179), contains, inter alla, analysis of asbestos-related rule makings and research by several Federal agencies. Expressing its dissatis *340 faction with the previous level of protection offered by the other agencies’ rule making, the Environmental Protection Agency (EPA) imposed its own rule prohibiting the manufacture, importation, processing and distribution of certain asbestos-containing products.
In addition, the Final Rule, as promulgated in the Federal Register but not in the Code of Federal Regulations, contains the EPA’s conclusions with respect to the hazards of asbestos, most of which are based, not on the agency’s own research, but on the work of other Federal agencies and researchers which were initially published in documents or journals wholly unrelated to the EPA. (See, for example, subheading I of the Final Rule [54 Fed Reg 29505].)
Rule 803 (8) of the Federal Rules of Evidence provides:
"The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * *
"(8) Public Records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.”
While the court in Beech Aircraft Corp. v Rainey (488 US 153 [1988]) ruled an investigatory report, made by a Navy officer after a fatal crash of a Navy plane, admissible in a wrongful death action brought against the aircraft manufacturer, this case is distinguishable from the instant matter.
First, the case turned on the distinction between fact and opinion.
In refusing to bar those aspects of the investigative report which were or could be termed opinion, the court stated (supra, at 170): "We hold, therefore, that portions of investigatory reports otherwise admissible under Rule 803 (8) (C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfied the rule’s trustworthiness requirement, it should be admissible along with other portions of the report.”
*341 Second, the facts are dissimilar. Assuming for the purposes of this analysis that the Federal Rules of Evidence are applicable to this State court matter, it would appear that the types of reports referred to in rule 803 (8) and in Beech Aircraft (supra) differ significantly from the narrative summary of other research contained in the Final Rule at issue. "[T]he requirement that reports contain factual findings bars the admission of statements not based on factual investigation.” (Beech Aircraft Corp. v Rainey, supra, at 169.) Hence, citation of this Federal rule does not assist plaintiffs’ argument.
CPLR 4520, cited by plaintiffs in support of their motion, provides:
"R. 4520. Certificate or affidavit of public officer.
"Where a public officer is required or authorized, by special provision of law, to make a certificate or affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit filed or deposited is prima facie evidence of the facts stated.”
This section is not applicable herein for the following reasons. First, no law authorizes or requires the EPA to file anything with the State. Second, what is at issue is not a simple certificate or affidavit but a lengthy document containing facts, opinions, conclusions, summaries and regulations.
CPLR 4520 is interpreted strictly. The First Department in Matter of Zurich-American Ins. Co. (Balboa Ins. Co.) (89 AD2d 542, 543 [1982]) held that a form prepared by the Department of Motor Vehicles should have been ruled inadmissible by the trial court since "[t]he Commissioner of the Department of Motor Vehicles is not mandated to file the result of an insurance search 'in a public office of the state’ (CPLR 4520), nor is the form a public document”.
Plaintiffs’ last argument concerns common-law exception to the hearsay rule: "We turn, then, to a consideration of whether the documents were admissible, as the trial court found, under the common-law exception, which is founded upon a public official’s lack of motive to distort the truth when recording a fact or event in discharge of public duty (Richardson, Evidence § 342 [Prince 10th ed])” (People v Garneau, 120 AD2d 112, 116 [4th Dept 1986]; emphasis supplied).
In People v Hoats (102 Misc 2d 1004, 1010 [Sup Ct, Monroe County 1980]) the court defined the exception as follows: *342 "Under the common law exception, when a public officer is authorized by the nature of his official duty to keep records of transactions occurring in the course of his duty, the record so made by him or under his supervision is admissible in evidence.”
It is apparent to this court that the lengthy "Final Rule” at issue is far different than a recorded fact, event or transaction, as referred to in the above-cited cases.
Hence, the so-called common-law exception is inapplicable.
Of greater importance in determining the issues of the Rule’s admissibility than the analysis of the various exceptions to the hearsay rule is its questionable relevance. It is this court’s judgment that the document is simply too late in the chain of events to be helpful to the trier of fact in proving or disproving any material fact at issue herein. None of the plaintiffs allege exposure to asbestos at the time the Rule was promulgated, 1989.
For the above reasons, plaintiffs’ motion is denied.