*442 OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
Within the context of a motion for a trial order of dismissal pursuant to CPL 290.10, this case presents a question of apparent first impression: whether a proffered Department of Motor Vehicles (DMV) abstract of defendant’s driving record should be received into evidence despite concessions by the People that: (1) the official DMV seal and purported attestation of accuracy of the abstract were preprinted on otherwise blank forms before any data was placed thereon; and (2) neither the DMV Commissioner, whose signature appears by facsimile at the bottom of each page of the abstract, nor any other employee of that agency compared the copy submitted to the court with the original DMV records. As detailed below, this court concludes that the abstract does not qualify for admission into evidence, and that the motion for a trial order of dismissal must be granted, since the abstract is essential to a successful prosecution.[1]
During the course of defendant’s nonjury trial on the charge of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), the People offered into evidence a DMV-generated abstract of defendant’s driving record. Defendant objected to the admission of the abstract into evidence. The court reserved decision on the objection, permitted the trial to continue to conclusion, and by agreement of the parties, hereby decides the admissibility question as part of the motion for a trial order of dismissal at the end of the entire case.[2]
THE POSITIONS OF THE PARTIES

The People’s Position:

The People make the following principal arguments in support of their position that the abstract should be admitted into evidence: (1) the abstract is an official publication which requires no attestation, and is prima facie authentic pursuant to CPLR 4540 (a);[3] (2) the abstract possesses an attestation *443 certifying that it is a "true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York”; (3) the abstract satisfies the two-prong test of certification necessary under CPLR 4540 (b) in that it possesses a facsimile signature of the officer having legal custody of the original and that it is affixed with such officer’s official seal; (4) there is no statutory requirement that the placement of the attestation and certification must occur subsequent to the electronic transfer of the data certified; (5) the "critical question” is the authenticity of the document, and the sequence of the placement of the attestation and certification "in no way changes the data itself’;[4] (6) the timing of the certification and attestation "is of no consequence because the requisite comparison of the copy to the original document is accomplished electronically. Since an electronic transference/ comparison of a particular data base cannot vary, the time of the attestation of this fact is of no import”;[5] (7) since a public official has no motive to distort the truth of a writing made pursuant to the official’s public duty, a record such as the instant abstract is deemed sufficiently trustworthy to be received into evidence as an exception to the hearsay rule. Requiring a public official to be called as a witness on trial prior to admission of such abstract into evidence would prove detrimental to efficient public administration as an "unnecessary and unduly burdensome” requirement which would circumvent legislative intent.

Defendant’s Position:

Defendant contends that the abstract is not properly certified and thus does not constitute prima facie evidence of such record pursuant to CPLR 4540 (a), for the reason that there is no basis for the assertion on the abstract that it is a "true and complete” copy of an electronic record on file with the DMV.
Defendant argues that while there is no statutory formula for an attestation, "the fundamental language of comparison and accuracy” must be included pursuant to People v Brown (128 Misc 2d 149, 154 [Madison County Ct 1985]), and that there is no language regarding comparison in the attestation in the abstract because none was done. Thus, independent of the People’s concession that no comparison was performed on the instant abstract, the absence of language regarding comparison renders the document inadmissible.
*444 Defendant further argues that the purpose of the statute is to ensure that a responsible public official has compared the copy provided to the court with the original records of the government agency and determined that the copy is accurate. Further, "[i]f the mere appearance of a formula of words on a page were sufficient to satisfy the statute, even when it is conceded the substance of the statute had not been complied with, the statute would be rendered meaningless”.[6] Defendant notes that the People’s claims as to the DMV computer system and the printing process are unsupported by evidence.
Defendant also urges that the People’s argument that compliance with the statute would be unduly burdensome should be unpersuasive, since all that need be done is to assure that the document tendered to the court be compared to the original record.
Turning to the People’s argument that the abstract is admissible as a hearsay exception under CPLR 4520, defendant asserts that such argument suffers from two defects: (1) that since the exception applies only to properly certified documents, it is irrelevant here in view of the above-noted impediments to certification; (2) CPLR 4520 applies only to records of facts actually ascertained by the officer signing the attestation. Since the People have conceded that Marcus Salm, whose facsimile signature appears on the abstract, never saw that document, he never ascertained the facts therein.
THE LEGAL ANALYSIS
The People’s argument in support of admission of the DMV abstract relies on two provisions of the CPLR: sections 4520[7] and 4540.[8] It is thus necessary to briefly analyze the content, purpose, interpretation and applicability of each statute to the instant motion.
The Practice Commentaries to CPLR 4520 offer helpful guidance, summarized thus: (1) CPLR 4520 creates a hearsay exception for certain records prepared by public officers; (2) although "undoubtedly inspired by the same considerations of reliability” underlying the common-law hearsay exception for *445 public records, CPLR 4520 is "much narrower” than the latter (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4520:l, at 241-242); (3) to qualify as a CPLR 4520 exception, a public record must meet six requirements;[9] (4) only a few types of formal public records have been deemed to meet all of those criteria;[10] (5) the Court of Appeals has never given a definitive exposition of the scope of CPLR 4520; (6) "The narrowness of its language probably explains why most public records have been offered into evidence in New York pursuant to the business records hearsay exception of CPLR 4518” (Practice Commentaries, op. cit., at 242); (7) if a certificate or affidavit indicates on its face that the public officer has ascertained the facts or performed the acts described in the record in the course of official duty and filed or deposited it in a public office, all pursuant to special provision of law, there should be no need for foundation testimony to establish satisfaction of the CPLR 4520 elements; (8) a certificate which does not indicate compliance with CPLR 4520 might still be admissible without foundation testimony if the court takes judicial notice of the laws pursuant to which the record was prepared. Thus, in People v Kollore (151 Misc 2d 384 [Mt. Vernon City Ct 1991]) the court ruled that a DMV abstract was not admissible under CPLR 4518, the business records exception to the hearsay rule, but received the document under CPLR 4520.[11] Its rationale for so holding was that the abstract was prepared pursuant to the duty of the DMV Commissioner, by special provision of law, Vehicle and Traffic Law § 354, to *446 provide to any insurance carrier or person, upon request, an abstract of the operating record of the sort here at issue.[12]
People v Kollore (supra) notwithstanding admissibility of documents under CPLR 4520 "is as much dependent upon authentication as is admissibility under the common-law public documents exception to the hearsay rule” (People v Garneau, 120 AD2d 112, 116 [4th Dept 1986]).[13]
Authentication of a record that satisfies CPLR 4520 can be accomplished by compliance with CPLR 4540 (Authentication of official record of court or government office in the United States), which provides in relevant part:
"(a) Copies permitted. An official publication, or a copy attested as correct by an officer or a deputy of an officer having legal custody of an official record of the United States or of any state, territory or jurisdiction of the United States, or of any of its courts, legislature, offices, public bodies or boards is prima facie evidence of such record.
"(b) Certificate of officer of the state. Where the copy is attested by an officer of the state, it shall be accompanied by a certificate signed by, or with a facsimile of the signature of, the clerk of a court having legal custody of the record, and, except where the copy is used in the same court or before one of its officers, with the seal of the court affixed; or signed by, or with a *447 facsimile of the signature of, the officer having legal custody of the original, or his deputy or clerk, with his official seal affixed; or signed by, or with a facsimile of the signature of, the presiding officer, secretary or clerk of the public body or board and, except where it is certified by the clerk or secretary of either house of the legislature, with the seal of the body or board affixed. If the certificate is made by a county clerk, the county seal shall be affixed.”
The People are correct in noting both that the "critical question” before the court is the authenticity of the abstract, and that a primary issue which is engaged when a copy of a public record is offered into evidence is whether the copy is a genuine copy of the original that is on file in the public office.[14] Indeed, it is to ensure the reliability of such public record — and thus its justification for receipt into evidence as a hearsay rule exception — that the provisions of CPLR 4520 and 4540 were framed as they are.
This case offers a factual aspect not contained in any decision, reported or otherwise, identified by the parties or found by this court. That is, on the one hand, as the People point out, the DMV abstract contains an attestation that it is a "true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York.” Contrastingly, however, both the attestation and the official DMV seal were preprinted on the abstract form when it was blank, and before any data was placed thereon.[15] That concession nullifies the People’s argument that the timing of the certification and attestation is without consequence because the requisite comparison of the copy to the original is accomplished by an unvarying electronic process.[16] The concession also enables defendant to cogently argue, as he does, that there is no basis for the assertion on the abstract that it is a "true and complete” copy of an electronic record on file with the DMV, for the rea *448 son that no comparison of the abstract with the original record, was in fact done. Rather, all that the People have proven is that the instant abstract is the result of an electronic transfer of some information to the precertified DMV form. This record is bereft of evidentiary proof about the nature of the transfer process or its efficacy. For all that is here known, the DMV clerk who effected the transfer could have retrieved incorrect or incomplete data, or otherwise erred in producing this abstract, with the result that the information placed upon this precertified form might be inaccurate.
The evidence in this record hardly accords with the reliability conventions required for the introduction of such evidence. As the proponent of the abstract, the People must prove, by a proper evidentiary foundation, that the transfer process in this unusual DMV "cart-before-the-horse” method of attestation is reliable. Mere description of the transfer process in a memorandum of law cannot suffice as a substitute for such a showing.[17]
Under the circumstances here presented, there is insufficient basis upon which it could be responsibly concluded that this abstract qualifies as a valid certificate by the DMV Commissioner. The court in People v Brown (supra, 128 Misc 2d, at 154) has succinctly construed certification thus: "In the context of the certification of a public document an attestation is the assurance given by the certifier that the copy submitted is accurate and genuine as compared to the original. The necessary language of attestation is similar in import to the language of comparison found in common-law exemplifications and sworn copies (see, Richardson [on Evidence (10th ed)], §§ 649-650). No particular language of attestation is required under CPLR 4518 (c) (or for that matter under CPLR 4540) provided that the fundamental language of comparison and accuracy is included [citation omitted]. The touchstone of the certification of a copy of a public document is this attestation and a certification which fails to include it is meaningless.”
Here, of course, that was not done. Not only was there no comparison of the copy to the original data for this defendant, worse still, there was an attestation and certification that is, to use the term employed in People v Brown (supra), "meaningless.” The DMV simply fed a series of blank forms bearing preprinted certifications into a computer, and then proffered them *449 to the world as proper copies of the agency’s records for this defendant driver. To accept that proffer would be to efface the purpose for which the hearsay rule exceptions here at issue were crafted. It would also, as defendant persuasively states, permit the "mere appearance of words” to prevail "even when it is conceded that the statute had not been complied with”.[18]
This is not to say that People v Kollore (supra) or any other case admitting a DMV abstract on a fact pattern different from the unique one at bar was wrongly decided. In the circumstances here present, however, to admit this abstract into evidence simply because it may meet a statutory construction applied elsewhere — before courts not encountering the concessions candidly and honorably made by the People that the abstract was precertified and was not compared to original data — would be to elevate form over highly questionable substance. To admit this abstract against the backdrop of such concessions would also serve to negate the principles of evidentiary integrity which safeguard the trial process. In short, the present facts prevent responsible invocation of the prima facie evidence status awarded by CPLR 4540 (a).
This court is not unmindful of the legitimate concerns raised by the People about any ruling which would suggest, or require, substantial incursion on the time of public officers who might, as a result of such ruling, be called to testify as authenticating witnesses with regularity. The Appellate Division, Fourth Department, frontally addressed that same concern in People v Garneau (supra, at 116-117): "In reaching these conclusions, we recognize the validity of the People’s concern that it would prove unmanageable to call as witnesses, for the purpose of authentication, the various public officers who performed the tests and prepared the documents. Surely the various exceptions to the hearsay rule are intended to dispense with that requirement. What is ultimately at stake, here, however, is the right of confrontation, and these exceptions to the hearsay rule are not to applied absent strict compliance with the rules requiring authentication.”
Judicial restraint cautions that it is not the province of this court to suggest to the People how they should proceed in future prosecutions involving this issue. The extent of this opinion is limited to the facts and issue presented and discussed herein.
*450 CONCLUSION
Defendant’s objection to the introduction of the abstract offered into evidence by the People is sustained. Since the DMV abstract is an essential element of the People’s proof, denial of its admission into evidence is dispositive of the present motion. For the foregoing reasons, defendant’s motion for an order for a trial order of dismissal pursuant to CPL 290.10 is granted.

. This opinion, which was edited for publication, confirms a decision which was orally rendered on June 15,1995.

. After oral argument, the parties filed memoranda reflecting both careful research and lucid, thoughtful draftsmanship. The court expresses its appreciation to both counsel for their submissions, which were helpful in resolving the issues joined.

. The People also submit information about the process by which an abstract is generated. Since that information is dehors the trial record, this court cannot consider it in deciding the issue here presented.

. Abriano, Mem of Law, Apr. 27, 1995, at 3.

. Id.

. Shear, Mem of Law, May 8, 1995, at 3.

. CPLR 4520 reads as follows: "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”

. See, infra, at 446-447 for the text of CPLR 4540.

. The record must: (1) be made by a public officer; (2) be in the form of a "certificate” or "affidavit”; (3) be required or authorized "by special provision of law”; (4) be made in the course of the officer’s official duty; (5) be a record of a fact ascertained or an act performed by the officer; (6) be on file or deposit in a public office of the State.

. Examples include a report of receipts and disbursements of the highway department prepared by a county treasurer pursuant to statutory requirement and filed with the county board of supervisors (Matter of Lough-ran v Markle, 242 App Div 331 [3d Dept 1934]); a verified statement of a bank’s assets and liabilities prepared by the superintendent of banks and filed with the county clerk pursuant to statute (Richards v Robin, 178 App Div 535 [1st Dept 1917]; see also, Matter of Eighth Judicial Dist. Asbestos Litig., 152 Misc 2d 338, 341 ["CPLR 4520 is interpreted strictly”]).

. The court also ruled the abstract admissible under the common-law public records exception to the hearsay rule. That exception is discussed at length in Practice Commentary, op. cit, CPLR C4520:2.

. Vehicle and Traffic Law § 354 (Commissioner to furnish operating record) reads as follows: "The commissioner shall upon request furnish any insurance carrier or any person an abstract of the operating record of any person subject to the provisions of this article, which abstract shall include enumeration of any convictions of such person of a violation of any provision of any statute relating to the operation of a motor vehicle or any accidents in which a motor vehicle driven by such person has been involved during the current calendar year and the three calendar years preceding that in which the request for the operating record is received and if specifically requested shall also fully designate the motor vehicles, if any, registered in the name of such person and the name of the insurer insuring such motor vehicle, for the registration year in which the request for the operating record is received. A request for an abstract of an operating record shall be subject to the provisions of section two hundred two of this chapter.”

. In People v Garneau (supra), the Appellate Division reversed defendant’s conviction for violation of Vehicle and Traffic Law § 1192 (2) on the ground that documents submitted to meet the foundational requirements of breathalyzer test results were not admissible on any of three exceptions to the hearsay rule: (1) the business records exception pursuant to CPLR 4518, because the documents were not certified at the time the test was performed or within a reasonable time thereafter; (2) the CPLR 4520 public documents exception, since the police officer in question was not required or authorized to make a certificate or affidavit of the fact ascertained; (3) the common-law public documents exception, since the People made no effort to authenticate the breathalyzer documents.

. See, n 4, supra.

. The parties agree that there is no statutory form for an attestation. "Attest” is defined by Black’s Law Dictionary (127 [6th ed]) as "to bear witness to; to bear witness to a fact; to aifirm to be true or genuine; to act as a witness to; to certify; to certify to the verity of a copy of a public document formally by signature; to make solemn declaration in words or writing to support a fact; to signify by subscription of his name that the signer has witnessed the execution of the particular instrument.” Similarly, attestation is therein defined as "the act of witnessing an instrument in writing, at the request of the party making the same, and subscribing” it as a witness. (Id., at 128.)

. See, n 5, supra.

. The court makes this observation in denigration of no one. Rather, it is made simply to stress the requirement that all foundational evidence be adduced at trial where it would be subject to adversarial scrutiny.

. See, n 7, supra.