*983 OPINION OF THE COURT
William Garnett, J.
At a trial of the defendant for the crime of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]), the People have submitted the abstract of the defendant’s driving record to establish that the defendant’s license to operate a motor vehicle was suspended as of May 2, 1996. The People aver that this document is a public record which can be admitted pursuant to the statutory hearsay exception created by CPLR 4520 and the common-law public document exception. The defense asserts that the prosecution has not laid the proper foundation for the admission of this document as a public record and that, in addition, this record has not been authenticated as required by CPLR 4540.
CPLR 4520 provides: "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him. in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”
CPLR 4540 (a) provides, in pertinent part, that: "An official publication, or a copy attested as correct by an officer * * * having legal custody of an official record * * * of any state * * * [or] public bodies * * * is prima facie evidence of such record.”
CPLR 4540 (b), in pertinent part, reads: "Where the copy is attested by an officer of the state, it shall be accompanied by a certificate * * * signed by, or with a facsimile of the signature of, the officer having legal custody of the original, or his deputy or clerk, with his official seal affixed”.
Courts have found that the Department of Motor Vehicles (hereinafter DMV) abstract is admissible pursuant to CPLR 4520 and/or the public document exception to the hearsay rule. (People v Carlsons, 171 Misc 2d 943 [Sup Ct, Nassau County 1997] [public document exception]; People v Taveras, NYLJ, Dec. 20, 1996, at 33, col 3 [Crim Ct, Bronx County] [CPLR 4520]; People v Raphael, Crim Ct, Kings County, Nov. 8, 1995, indictment No. 95K022689 [CPLR 4520]; People v Pabon, 167 Misc 2d 214 [Crim Ct, Bronx County 1995] [CPLR 4520]; People v Kollore, 151 Misc 2d 384 [Mount Vernon City Ct 1991] [CPLR 4520 and public document exception].)
In People v Carlsons (supra), the court reasoned that the DMV abstract would have been proof that the defendant’s *984 license had been suspended if the abstract had been properly authenticated pursuant to CPLR 4540. In this case, the abstract had not been attested to as a correct and authentic copy by an officer of the DMV.
To be admissible, the DMV abstract must fit within a hearsay exception and must be properly authenticated.
In order to be admissible under CPLR 4520, the proffered document must meet six requirements. First, the record must be made by a public officer. Second, the document must be in the form of a "certificate”. Next, the document must be authorized "by special provision of law”. Fourth, it must be prepared in the course of the officer’s official duty. Fifth, the record must memorialize a fact ascertained or an act performed by the public officer. Finally, the document must be on file or deposit in the public office. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4520, at 241.)
The common-law public document exception to the hearsay rule provides that when a public officer is required or authorized, by statute or nature of the duty of the office, to keep records of acts or transactions occurring in the course of his official duty, the record is admissible in evidence. (Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed].)
The DMV abstract is prepared by a public officer, the Commissioner of the Department of Motor Vehicles.
The statutory hearsay exception demands that the document be denominated, at minimum, a "certificate”. The common-law exception merely requires a record of a public act. A "certificate” is variously defined as a written assurance, or official representation, that some event occurred, or some legal formality has been complied with or, simply, a declaration in writing. A certificate need not be a sworn document. (Black’s Law Dictionary 205 [5th ed 1979].) The DMV abstract is a written declaration that the licensee’s privilege to drive has been suspended by the Commissioner as a result of the defendant’s failure to answer a summons or to pay a fine. (Vehicle and Traffic Law § 510 [4] [a].) Further, it is, clearly, the record of an act done by the Commissioner of the Department of Motor Vehicles.
The document must be authorized by "special provision of law” to be admissible under the statutory exception. The common-law exception provides that the record must merely be authorized by the nature of the duty of the public office. The cases which have touched on the "special provision of law” *985 underlying the creation of the DMV abstract have cited Vehicle and Traffic Law §§ 201 and 354. (People v Raphael, supra [Vehicle and Traffic Law § 354]; People v Pabon, supra [Vehicle and Traffic Law § 201]; People v Kollore, supra [Vehicle and Traffic Law § 354].)
Vehicle and Traffic Law § 201 concerns the timely destruction of records kept by the Commissioner and, by implication, recognizes that the Commissioner maintains these records to carry out his statutory mandate. Moreover, Vehicle and Traffic Law § 201 (2) provides authority for the creation of electronically stored records. This statute also designates this new electronic record as the original departmental record and permits the destruction of the original document. The DMV abstract is an electronically generated record of the Commissioner of the Department of Motor Vehicles. Moreover, Vehicle and Traffic Law § 201 (3) permits the destruction of the electronic record in conformity with the destruction allowance contained in Vehicle and Traffic Law § 201 (1) (i). This subdivision specifically lists suspension and revocation orders as records which may be destroyed. Thus, at least by implication, this statute contemplates that the Commissioner will maintain records of suspensions and explicitly permits the suspension order to be electronically recorded without the preservation of the original suspension order.
Vehicle and Traffic Law § 354 requires the Commissioner to provide an abstract of a person’s driving record to any person subject to a fee. This special provision requires that an abstract be maintained as to each person who has a driving record.
Three additional statutes complete the matrix for the DMV abstract.
Vehicle and Traffic Law § 214, a notice statute, refers to "an electronically-generated record of entry of such [suspension] order or notice upon the appropriate driver’s license * * * file of the department”.
Vehicle and Traffic Law § 508 (3) provides that the Commissioner must keep a public record of licenses issued by the Department.
Finally, Vehicle and Traffic Law § 510 (4) (a) specifically authorizes the Commissioner to suspend a license when a person fails to answer a summons or to pay a fine.
These statutes, read together, at minimum, implicitly authorize the creation of the DMV abstract in furtherance of the regulatory framework erected by the Vehicle and Traffic Law *986 for the suspension of driving privileges by the Commissioner of the Department of Motor Vehicles. Thus, the DMV abstract, by these statutes, is authorized by special provisions of law contained in the Vehicle and Traffic Law. Moreover, the DMV abstract is authorized by the nature of the duties statutorily assigned to the Commissioner.
These statutes also demonstrate that the DMV abstract meets the three additional criteria for admissibility under CPLR 4520. The fourth and fifth criteria are met in that the abstract is created to memorialize a suspension by the Commissioner pursuant to his authority provided for in Vehicle and Traffic Law § 510 (4) (a). Finally, the abstract is a public record in that Vehicle and Traffic Law § 354 requires that the document must be provided to any person who requests the abstract.
In conclusion, the DMV abstract is admissible pursuant to CPLR 4520 and is, even more patently, admissible under the common-law public document exception to the hearsay rule. Therefore, if properly authenticated, this abstract establishes prima facie proof of the defendant’s license suspension as of May 2, 1996.
In order to satisfy the statutory authentication requirement of CPLR 4540, the proffered copy of the public document must be certified as correct by the signature or facsimile signature under seal of the official having legal custody of the record. No particular language of attestation is required under CPLR 4540 provided that the elemental expression of comparison and accuracy is included. (People v Brown, 128 Misc 2d 149, 154 [Madison County Ct 1985].)
Initially, it should be noted that one court has ruled that the DMV abstract is an original public record and does not require authentication. (People v Raphael, supra; CPLR 4540 [a].) This ruling is buttressed by Vehicle and Traffic Law § 201 (2) which designates an electronic record as the official departmental record.
Even if the DMV abstract is a copy requiring authentication, the requirements of the statute have been satisfied in this case. The DMV abstract is embossed with the seal of the State of New York. In the lower right-hand corner, the Commissioner of the Department of Motor Vehicles certifies that the abstract "is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York.” The certification has the facsimile signature of the Commissioner, the official who has legal custody of this document.
*987 The certification that the abstract is a "true and complete copy” is a sufficient expression of comparison and accuracy to pass muster under CPLR 4540. The pronouncement that the record is "true” is the equivalent of a statement that the record is correct and the declaration that the document is a "complete” copy bespeaks a comparison of the copy with the original record. Thus, the DMV abstract is properly authenticated and admissible as prima facie evidence of the original record.
The defendant’s reliance on People v Watson (167 Misc 2d 441 [Crim Ct, Kings County 1995]) is misplaced. In Watson, the prosecution conceded that the information contained on the driving abstract was placed on a preprinted form containing an attestation and the seal. Watson is sui generis. In this case, the People have not acknowledged that this abstract was created in the manner admitted to in Watson. Thus, the holding in Watson is inapposite.
Parenthetically and likewise, the document entitled "Notice of Conviction and License Suspension” has also been adequately authenticated pursuant to CPLR 4540. This document contains, on the back, the exact attestation affixed to the front of the DMV abstract. The seal is also on the back of the document.
Thus, in summary, the court finds that the DMV abstract and the notice of conviction and license suspension are admissible in evidence. Specifically, the DMV abstract establishes prima facie that the defendant’s license was suspended as of May 2, 1996.