Dziekonski v Uber Tech., Inc. (2024 NY Slip Op 50819(U))

[*1]

Dziekonski v Uber Tech., Inc.

2024 NY Slip Op 50819(U)

Decided on June 28, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 28, 2024
Supreme Court, Kings County

Karol Dziekonski, Plaintiff,

against
Uber Technologies, Inc., UBER USA, LLC., RASIER-NY, LLC, LYFT, INC., DALER AKRAMOV and OTABEK BURANOV, Defendants.

Index No. 501551/2024

Liakis Law, P.C., New York City, for Plaintiff.
Gerber Ciano Kelly Brady LLP, Buffalo, for Defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY, LLC.

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 19-52, 58-60, 76-95.
Upon the foregoing papers, and the Court having elected to determine the within motion on submission [FN1]
pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED as follows:
The motion by Defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY, [*2]LLC ("Uber Defendants") seeking dismissal of Plaintiff's complaint and any cross-claims with prejudice pursuant to CPLR 3211 (a) (1) (documentary evidence) and 3211 (a) (7) (failure to state cause of action) is DENIED.
The instant action arises from a motor vehicle accident on April 30, 2023 between Plaintiff and Defendant Daler Akramov ("Akramov") at or near the intersection of 2010 Cropsey Avenue and 20th Avenue in the County of Kings. Plaintiff filed a complaint against Uber Defendants, amongst others, alleging personal injuries sustained in the accident due to Akramov's negligence while acting within the scope of his employment with Uber Defendants and while acting as an agent of and/or employed by Uber Defendants.
Uber Defendants, however, contend that based on the evidentiary record, Akramov was not utilizing the Uber driving app at the time of the accident, having last accessed it nine months prior on July 31, 2022 (see NYSCEF Doc No 22). Uber Defendants argue that Akramov's app being "offline" means that he could not have been engaged in any work on behalf of Uber Defendants and that means he could not receive rider requests. Additionally, Uber Defendants argue that they are not liable because they did not own, operate, or maintain any vehicle involved in the accident (see NYSCEF Doc No. 24).
Plaintiff opposes the motion claiming it was brought prematurely as discovery had yet to be conducted. Plaintiff also focuses on the insufficiency of the Uber Defendants' affidavit of Chenshan Yu, an Uber Data Scientist, because it is silent on whether all possible databases and records were searched to yield the result that Akramov had not been active on the driver's app for nine months. Plaintiff also claims it is inadmissible hearsay because it is based on an employee's review of unidentified business records. Additionally, Plaintiff avers that Uber Defendants failed to submit irrefutable admissible proof as to the ownership of the vehicle because Uber Defendants submitted an unauthenticated DMV abstract.
"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]). However, bare legal conclusions are not presumed to be true (see Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021 [2007]; Mayer v Sanders, 264 AD2d 827, 828 [1999]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Fishberger v Voss, 51 AD3d 627, 628 [2008])." (Aviaev v Nissan Infiniti LT, 150 AD3d 807, 807-808 [2d Dept 2017].)
Here, Defendants make their prima facie burden through Chenshan Yu's affidavit and DMV abstracts of Akramov's title and registration records. Although Plaintiff offers cases suggesting an affidavit stating the driver was "offline" is not enough to prove the driver was not acting in the scope of employment under Uber, such were not analogous to the evidence presented in the instant action. Uy v Hussein (186 AD3d 1567 [2d Dept 2020]) deals with Uber's Data Scientist and defendant driver having very similar affidavits which is not at issue here. [*3]Additionally, like Singleton v American United Transp. Inc. (2002 WL 17732992 [Sup Ct. Bronx City]), it found Uber's Data Scientist's affidavit stating the driver logged off less than an hour before the accident insufficient as it failed to eliminate all questions of fact. However, being "offline" for nine months prior to the accident, like Akramov, leaves probably no question as opposed to someone who logged off only 30-40 minutes prior.
Moreover, Plaintiff incorrectly claims that the DMV abstracts are unauthenticated and, therefore, inadmissible hearsay. The DMV abstracts fall under the public document exception to the hearsay rule. The Court in People v Michaels (174 Misc 2d 982, 986 [Crim Ct 1997]), faced with similar DMV abstracts, offered the following explanation for admitting under this exception:
The DMV abstract is embossed with the seal of the State of New York, the Commissioner of Motor Vehicles certifies that the abstract "is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York." The certification has the facsimile signature of the Commissioner, the official who has legal custody of this document . . . The certification that the abstract is a "true and complete copy" is a sufficient expression of comparison and accuracy to pass muster under CPLR 4540. The pronouncement that the record is 'true' is the equivalent of a statement that the record is correct and the declaration that the document is a 'complete' copy bespeaks a comparison of the copy with the original record. Thus, the DMV abstract is properly authenticated and admissible as prima facie evidence of the original record.
Here, the title record abstract (see NYSCEF Doc No. 23) and registration record abstract (see NYSCEF Doc No. 24) each offer the New York seal and a statement by the Commissioner of Motor Vehicles certifying that each is "is a true and complete copy." Thus, Defendants provided unrebutted and admissible evidence of properly authenticated DMV abstracts to show Uber is not the owner of Akramov's vehicle.
Nonetheless, this Court acknowledges that "on a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party. 'CPLR 3211 allows [a] plaintiff to submit affidavits, but it does not oblige him [or her] to do so on penalty of dismissal' (Rovello v Orofino Realty Co., 40 NY2d 633, 635)." (Sokol v Leader, 74 AD3d 1180, 1181 [2d Dept 2010]).
While Uber Defendants offer their own internal records as documentary evidence, this Court finds that at this stage of the litigation (pre-answer and pre-discovery), such internal records cannot serve to utterly refute the plaintiff's factual allegations asserted in the complaint as to operation, maintenance, and/or control and employment by Uber Defendants of Akramov (see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew, Bender & Co., Inc., 37 NY3d 169, [2021]). The "documentary evidence" relied upon by Uber Defendants is not a public record, a contract entered into by the litigation parties, or correspondence between the parties (see, e.g. Magee-Boyle v Relinstar Life Ins. Co. of NY, 173 AD3d 1157 [2d Dept 2019]; 413 Throop LLC v Triumph, Church of the New Age, 153 AD3d 1306 [2d Dept 2017]; 590 Myrtle LLC v Silverman-Shaw Inc., 78 Misc 3d 1218[A], 2023 NY Slip Op 50254[U] [Sup Ct, Kings County 2023]). While Uber Defendants' internal data records evidence that Defendant Akramov was probably offline, this Court cannot deem it to be "of undisputed authenticity" (Fontanetta v Doe, 73 AD3d 78 [2d Dept 2010]), without an opportunity for Plaintiff to engage in discovery, subsequent to which a motion for summary judgment may lie. Discovery would [*4]include taking a deposition of Akramov.
To the extent other trial court decisions are to the contrary (e.g. Ortiz-Diaz v Doe, 2023 WL 9549911 [Sup Ct, Kings County 2023]; Pena-Peralta v Torigar Corp., 2022 WL 1286726 [Sup Ct, Queens County 2022]; Webster v Golding, 77 Misc 3d 1215[A], 2022 NY Slip Op 51283[U] [Sup Ct, Bronx County 2022]; Espinal v Rivas, 2020 WL 13702746 [Sup Ct, Bronx County 2020]), this Court respectfully disagrees with them. Rather, this Court agrees with the determination in Walker v Uber Technologies, Inc. (2021 WL 7186808 [Sup Ct, Bronx County 2021]).
Thus, while Uber Defendants made their prima facie case in proving that Uber Defendants do not own the Akramov-driven vehicle, and the allegations in Plaintiff's complaint that Uber Defendants operated, maintained, and/or controlled Akramov's vehicle or employed Akramov may be pure speculation at the pre-answer and pre-discovery stage, Defendants' motion to dismiss Plaintiff's complaint and cross-claims with prejudice is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. An interim order stating that the motion would be determined on submission and there would be no personal appearances was filed by the Court on June 26, 2024 (see NYSCEF Doc No. 95).