Gujjar v Atwell (2025 NY Slip Op 25053)

[*1]

Gujjar v Atwell

2025 NY Slip Op 25053

Decided on March 4, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 4, 2025
Supreme Court, Kings County

Baldev Gujjar, Plaintiff,

against
Dereck Atwell and CONSTRUCTION RISK PARTNERS, Defendants.

Index No. 512129/2024

Foran Glennon Palandech Ponzi & Rudloff P.C., New York City (Joseph Szalyga of counsel), for defendant Construction Risk Partners.
Pillinger Miller Tarallo, LLP, New York City (Shlomit Buchinsky of counsel), for defendant Dereck Atwell.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Doc No. 1: Summons and Complaint
NYSCEF Doc No. 5: Notice of Motion
NYSCEF Doc No. 6: Request for Judicial Intervention
NYSCEF Doc No. 7: Affirmation of Joseph W. Szalyga, Esq. in Support of Motion
NYSCEF Doc No. 8: Exhibit A, Police Report
NYSCEF Doc No. 9: Affidavit of Robert Watson, NYS Insurance ID Card, Insurance Policy
NYSCEF Doc No. 10: Certification of Word Count
NYSCEF Doc No. 11: Affidavit of Service
This motion presents an issue concerning which no authority has been located by the court: [*2]whether an Insurance Identification Card can constitute documentary evidence, as such term is used in CPLR 3211(a)(1), for purposes of dismissing a complaint in an action for personal injuries resulting from a motor vehicle accident on the ground that the moving defendant did not own the tortfeasor vehicle, as was alleged.
Plaintiff Baldev Gujjar ("plaintiff") commenced suit against Dereck Atwell and Construction Risk Partners, as defendants, for serious injuries and economic loss greater than basic economic loss pursuant to Insurance Law § 5102 (d), resulting from a December 20, 2023 motor vehicle accident in which plaintiff claims to have been struck by a 2015 Freightliner motor vehicle driven by Dereck Atwell and owned by Construction Risk Partners (formally known as Construction Risk Partners LLC). Defendant Construction Risk Partners alleges that it was not the owner of the vehicle and therefore bears no liability pursuant to Vehicle & Traffic Law § 388 (1). It moves to dismiss the complaint under CPLR 3211 (a) (1).
CPLR 3211 (a) (1) provides that "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: (1) a defense is founded upon documentary evidence[.]" Moving defendant Construction Risk Partners' motion should be granted. Said defendant's submission of a New York State Insurance Identification Card provides documentary proof that the vehicle which struck plaintiff's was not owned by defendant Construction Risk Partners (see NYSCEF Doc No. 9 at PDF 5). As such, it would not be liable pursuant to Vehicle & Traffic Law § 388 (1), which provides:
Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.
The Court of Appeals has held that a motion to dismiss pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]). The Second Department has acknowledged that to some extent documentary evidence is a "fuzzy term," and went on to state that:
From the cases that exist, it is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are "essentially undeniable," would qualify as "documentary evidence" in the proper case (id.; see 2 Commercial Litigation in New York State Courts § 7:60 [3 West's NY Prac Series 2d ed]) (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010].)
Fontanetta discussed in detail the concept of documentary evidence as provided for in CPLR 3211 (a) (1). It provided further examples of evidence which have been accepted as "documentary evidence" for CPLR 3211 (a) (1) purposes: trust agreement, lease, and contract. Not being "documentary evidence" were affidavits, e-mails, deposition and trial testimony, letters, medical records, and government records concerning a railroad crossing. In Fontanetta itself, an action alleging improper termination of hospital privileges, the Court declined to deem certain materials relating to a peer review process as CPLR 3211 (a) (1) documentary evidence. As the Court noted, "what is documentary evidence for one purpose might not be documentary evidence for another" (73 AD3d at 84), and provided an example of something which would suffice for a certain purpose: "an insurance company's audit report in an action to set aside a divorce settlement agreement for alleged fraud where the report was not contested and it was offered to show what the plaintiff did versus what someone else did" (see id. n 4).
Case law relied upon by defendant Construction Risk Partners holds that "[i]n order for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium [*3]III Assn. v Palomino, 78 AD3d 996, 996-997 [2d Dept 2010]). Subsequent case law continues to hold likewise (see Bronxville Scout Comm. v County of Westchester, 229 AD3d 753, 754-755 [2d Dept 2024]; Bianco v Law Offs. Of Yuri Prakhin, 189 AD3d 1326, 1328 [2d Dept 2020]; Porat v Rybina, 177 AD3d 632, 633 [2d Dept 2019]).
In the instant case, the New York State Insurance Identification Card submitted by the moving defendant states that the ownership of the vehicle is in the name of Park Ave Building & Roofing Supplies LLC ("Park Ave") and that the issuer of the insurance was Construction Risk Partners (see NYSCEF Doc No. 9 at PDF 5). An affidavit of Robert Watson, a Client Executive in the Commercial Risk Construction Practice for The Baldwin Specialty Industry, LLC, formerly known as Construction Risk Partners, attests that Park Avenue is a client of Baldwin and that he has assisted Park Avenue in securing liability coverage for them; this assertion is confirmed by a copy of the insurance policy issued to a business affiliate of Park Avenue named AM&G Waterproofing LLC which includes the same policy number and effective date as set forth on the Insurance Identification Card. The Court accepts Mr. Watson's statements:
11. Based on these documents, it is clear that Baldwin formerly known as Construction Risk Partners, LLC did not own the 2015 Freightliner. Instead, Baldwin was merely the insurance broker who helped to secure and issue the liability policy that insured the 2015 Freightliner.
12. At no time, did Baldwin and/or Construction Risk Partners, LLC ever own, manage, control, maintain, operate or repair the 2015 Freightliner alleged to be involved in this accident.
13. At no time did Baldwin and/or Construction Risk Partners ever employ Dereck Atwell or retain him to work in any capacity. (NYSCEF Doc No. 9 at PDF 2-3.)
This Court finds that despite lack of prior case law regarding an Insurance Identification Card constituting CPLR 3211 (a) (1) documentary evidence, a validly authenticated one meets the criteria in a situation where the named defendant denies owning the vehicle and avows rather that it was the insurance issuer. The insurance card reflects an out-of-court transaction that is irrefutable, unambiguous, and undeniable. In Dziekonski v Uber Technologies, Inc. (83 Misc 3d 1227[A], 2024 NY Slip Op 50819[U] [Sup Ct, King County 2024]), this Court held that a DMV abstract with the New York seal and a certifying statement by the Commissioner of Motor Vehicles as to the abstract being a true and complete copy of an electronic record on file constituted unrebutted and admissible evidence where it similarly concerned a dispute over vehicle ownership. In the case at bar, the Insurance Identification Card, supported up by the insurance policy and Mr. Watson's affidavit, serves the same purpose.
It is noted that the police accident report lists defendant Construction Risk Partners as the registrant of Vehicle 1 (see NYSCEF Doc No. 8). Clearly it is not the registrant. The Court speculates that the officer who prepared the report wrote that down off the Insurance Identification Card — the issuer information is listed above that of the insured and may have caught the officer's eye.
On oral argument the Court inquired as to Department of Motor Vehicles information from moving defendant, as none was submitted. Despite not submitting it, what said defendant did submit suffices. An authentic New York State Insurance Identification Card is deemed analogous to a DMV abstract and considered by this Court to be irrefutable evidence of non-ownership of a vehicle.[FN1]

Plaintiff submits no opposition to the motion. Thus, pursuant to CPLR 3211 (a) (1), with [*4]conclusive documentary evidence unambiguously establishing that defendant Construction Risk Partners was not the owner of the motor vehicle which struck plaintiff's, and with Vehicle & Traffic Law § 388 (1) imposing vicarious liability only on a motor vehicle's owner, there can be no genuine issue of fact regarding there being any potential liability on its part.
Accordingly, it is hereby ORDERED that defendant Construction Risk Partners' motion to dismiss the complaint against it pursuant to CPLR 3211 (a) (1) is GRANTED. The Clerk shall issue judgment to that effect.

Footnotes

Footnote 1:The moving defendant need only establish irrefutably that it was not the vehicle owner. It need not prove who was the owner. Therefore, the lack of DMV information is not as critical, as the Insurance Identification Card was conclusive as to moving defendant's status as the insurance issuer.