■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH H. FRANKLIN, Appellant.—

Memorandum: Defendant appeals from his conviction of grand larceny, second

degree and from the determination that he was a fourth felony offender. The record amply supports his larceny conviction and this is affirmed. Upon arraignment on the information charging him with having been convicted of prior felonies defendant stood mute. Upon the prior felonies hearing the trial court received in evidence certain exhibits purporting to show convictions of felonies in North Carolina. These documents do not conform to the requisites of section 482-a of the Code of Criminal Procedure. There was no certification of the Clerk that the records of conviction had been signed or filed. Furthermore, these exhibits were improperly received for they did not comply with section 395 of the Civil Practice Act (proof of foreign court records and proceedings) and section 398-b (authentication of copy). (See *Martens* v. *Martens,* 284 N. Y. 363, 365.) The County Court did not properly have all the facts before it and could not determine under established rules the question of recognition or nonrecognition when the statutory mandate for qualifying the records of the judgments of conviction was disregarded and where there was admittedly no formal common-law proof to support the introduction of these documents into evidence. The District Attorney's contention that a court may take judicial notice of any official seal or signature does not cure the error in the receipt of these exhibits. The limitations upon the availability of judicial notice in such circumstances are pointed out by Judge CARDOZO in *People* v. *Reese,* (258 N. Y. 89, 98). The prior convictions must be proved beyond a reasonable doubt. (2 Wharton's Criminal Evidence, § 645, p. 539.) The conviction on the prior felonies hearing must be reversed and a new trial had. (Appeal from judgment of Erie County Court convicting defendant of the crime of grand larceny, second degree.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.