THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY
C. GARNEAU, Appellant.

Fourth Department, November 10, 1986

## APPEARANCES OF COUNSEL

*Edward J. Nowak (Brian Shiffrin* of counsel), for appellant.

*Howard R. Relin, District Attorney (Neva Flaherty* of counsel), for respondent.

## OPINION OF THE COURT

DILLON, P. J.

The documents purporting to lay a foundation for the introduction of the results of a breathalyzer test administered to defendant were impermissibly received into evidence under the common-law public documents exception to the hearsay rule. Since the records were not shown to fall within any recognized exception to the rule, the breathalyzer test results should not have been received at defendant's trial.

The jury convicted defendant of driving while intoxicated under Vehicle and Traffic Law § 1192 (2), (3) as felonies, and speeding (Vehicle and Traffic Law § 1180 [d]). On May 27, 1983, at approximately 10:30 P.M., he was observed operating a motor vehicle in excess of the posted speed limit on Route 31 in the Town of Perinton. After stopping the motor vehicle, Deputy Sheriff Hine made various observations of defendant's physical characteristics and condition, and upon forming the opinion that defendant was intoxicated, Hine arrested him for driving while intoxicated. Defendant was transported to a mobile processing van equipped with a Smith & Wesson 900A breathalyzer, and a breath analysis test was administered to him at 11:20 P.M.

Prior to trial, defendant moved to suppress the breathalyzer test results on the ground that the breathalyzer was subject to interference by radio frequency. The court denied the motion without a hearing. At trial, the People offered records of calibrations of the breathalyzer done before (exhibit No. 2) and after (exhibit No. 3) defendant's test, and records of the

analyses of ampoules control No. D0101 (exhibit No. 5) and simulator solution lot No. 83-02 (exhibit No. 6) to show, by way of foundation, that the instrument was operating properly and that the chemicals were of the proper kind and in the proper proportion when the test was administered to defendant. The documents were offered both as business records and as public documents under the common-law exception to the hearsay rule as applied in *People v Hoats* (102 Misc 2d 1004). The court ruled that the documents were inadmissible under CPLR 4518 or 4520, but, relying upon *Hoats,* received them into evidence under the common-law exception.

Defendant raises two issues on appeal. He contends 1. that the court erred in denying, without a hearing, his motion to suppress the breathalyzer evidence, and 2. that the court erred in receiving the breathalyzer documents and the test results without a proper foundation having been laid.

In rejecting defendant's first argument, we need make but brief comment. Although defendant's moving papers alleged, on information and belief, that the machine used in conducting the breathalyzer test of defendant was subject to interference by radio frequency, no allegation was made concerning the presence of radio frequency or its proximity to the breathalyzer instrument used to conduct defendant's test. Thus, the motion papers failed to assert particularized, factual allegations sufficient to warrant a pretrial suppression hearing (CPL 710.60 [3]; *People v Allweiss,* 48 NY2d 40; *People v Barnhill,* 105 AD2d 1099).*

Turning to the second issue, we note the People's argument that the breathalyzer documents were properly received under the common-law public documents exception to the hearsay rule but that the documents were also admissible under the business records exception of CPLR 4518 and the public documents exception of CPLR 4520. Since we would not disturb defendant's felony convictions for driving while intoxicated if the documents were admissible on any basis, we address each of the People's arguments.

Analysis of this issue begins with the observation that the reliability of breathalyzer instruments has long been recog-

---

* If only to demonstrate the absence of prejudice, we note that at trial defendant neither offered nor elicited any evidence concerning the source or proximity of radio frequency interference at the time of defendant's test. Although defendant's expert testified, without detailed explanation, that the 900A instrument is affected by electromagnetic waves, there was no proof of the presence or existence of such waves as would affect the test results.

nized, and if a foundation is laid demonstrating that the test was properly administered, the results of the test are admissible *(People v Gower,* 42 NY2d 117; *People v Ippolito,* 100 AD2d 734; *People v Donaldson,* 36 AD2d 37).

It is well settled that as a foundational requirement for the admission of breathalyzer test results, evidence must be introduced both that the breathalyzer was in proper working condition when the test was given to defendant, and that the chemicals used in the test were of the proper kind and in the proper proportion *(People v Freeland,* 68 NY2d 699; *People v Todd,* 38 NY2d 755; *People v Donaldson, supra; People v Meikrantz,* 77 Misc 2d 892). Out of practical necessity, the foundational requirement may be met by documentary proof. While breathalyzer documents may thus properly be received under the business records exception to the hearsay rule enunciated in CPLR 4518 *(see, People v Gower, supra),* admissibility is conditioned upon strict compliance with the provisions of subdivisions (a) and (c) of that section *(People v Mertz,* 68 NY2d 136).

Of the four exhibits received against defendant, none satisfies the requirement that a certification made pursuant to CPLR 4518 (c) must "set forth that the entries in the certified record were made at the time of the events they record or within a reasonable time thereafter". *(People v Mertz, supra,* p 148; *see,* CPLR 4518 [a].) In this regard, it is plausibly argued that exhibit No. 2 is admissible on the basis that the certificate is dated February 23, 1983, which is the same date, according to the exhibit, that the calibration of the breathalyzer was performed, thus demonstrating a contemporaneous recording. The same cannot be said, however, of the other three exhibits. As to those, the lapse between the date of the certificate and the date of performance of the test varies from 11 days (exhibit No. 6) to seven months (exhibit No. 3). Thus, even if we were to accept the admissibility of exhibit No. 2, it alone would provide an inadequate foundation for admission of the breathalyzer test results. Accordingly, the trial court's ruling that the documents were not admissible under CPLR 4518 was proper.

The court also properly ruled that the documents could not be received under the public documents section set forth in CPLR 4520. That section provides: "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file

or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated."

The People argue that Administrative Rules and Regulations of the Department of Health § 59.5 (f) (10 NYCRR) supplies a basis for admission of the documents under CPLR 4520. We disagree. That section provides: "Proper and adequate records of operations, analyses, and results shall be maintained by each agency or laboratory using breath analysis instruments, *i.e.,* operational check list, calibration test records, certifications for standards and ampoules."

Obviously, that which is required to be done under the regulation does not satisfy the various elements which must be demonstrated under CPLR 4520 to qualify documents as exceptions to the hearsay rule *(see, People v Nisonoff,* 293 NY 597, *rearg denied* 294 NY 696; *Matter of Zurich-American Ins. Co. [Silva—Balboa Ins. Co.],* 89 AD2d 542; *People v D'Agostino,* 120 Misc 2d 437). Additionally, admissibility of documents under CPLR 4520 is as much dependent upon authentication as is admissibility under the common-law public documents exception to the hearsay rule.

We turn, then, to a consideration of whether the documents were admissible, as the trial court found, under the common-law exception, which is founded upon a public official's lack of motive to distort the truth when recording a fact or event in discharge of public duty (Richardson, Evidence § 342 [Prince 10th ed]). The trial court adopted the rule of *People v Hoats* (102 Misc 2d 1004, *supra),* where the breathalyzer documents were found to be admissible as records kept or made of transactions occurring in the course of public duties. We note, however, that in *Hoats* the court did not address the problem of authentication. It is well settled that to be admissible, any public document must be authenticated as being that which it purports to be *(People v Franklin,* 14 AD2d 985; Richardson, Evidence § 644 [Prince 10th ed]; *see,* McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Supp Pamph, CPLR 4518, p 358). Here, the People made no effort to authenticate the breathalyzer documents, and it was error to receive them in evidence.

In reaching these conclusions, we recognize the validity of the People's concern that it would prove unmanageable to call as witnesses, for the purpose of authentication, the various public officers who performed the tests and prepared the

documents. Surely the various exceptions to the hearsay rule are intended to dispense with that requirement. What is ultimately at stake here, however, is the right of confrontation, and these exceptions to the hearsay rule are not to be applied absent strict compliance with the rules requiring authentication.

Since the results of the breathalyzer test were impermissibly received in evidence against defendant, his conviction for violation of Vehicle and Traffic Law § 1192 (2) must be reversed. Moreover, it is not possible on this record to find that the breathalyzer test results did not also infect defendant's conviction for violation of Vehicle and Traffic Law § 1192 (3), and it also must be reversed. No issue is raised on appeal as to the validity of defendant's conviction for speeding, and it should be affirmed.

Accordingly, the judgment should be modified in accordance with this opinion and a new trial granted, and, as modified, it should be affirmed.

GREEN, PINE, BALIO and LAWTON, JJ., concur.

Judgment unanimously modified, on the law, and new trial granted, in accordance with opinion and otherwise, judgment affirmed.