■ In the Matter of GREGORY M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Dispositional order of the Family Court, Bronx County (Mary Ellen Fitzmaurice, J.), entered on June 7, 1991, determining that appellant had

committed an act which, if he were an adult, would constitute criminal possession of a weapon in the third and fourth degrees, defacement of a weapon and unlawful possession, and placing him with the Division for Youth, Title II, for 18 months, is unanimously reversed on the law and the matter remanded for a new fact-finding, without costs or disbursements.

The facts herein are not in dispute. At 8:30 A.M. on November 29, 1990, appellant arrived at Evander Childs High School in the Bronx and informed the school security guard that he needed to obtain a new identification card. In accordance with school policy, which required that the student's bookbag be left with the guard, appellant tossed his satchel on a metal cabinet. The unusual thud produced by the bag alerted the guard to a possible problem, so he rubbed his hand along the bottom of the carrier and felt the outline of a gun. The guard notified the dean, who also fondled the outside of the bag and then, believing there to be a handgun in it, he searched the contents and retrieved a gun. Appellant urges on this appeal that the Family Court should have suppressed the gun, that the police ballistics report was improperly admitted under the business records hearsay exception and that the petition was jurisdictionally defective as to the charge of defacement of a weapon. In that connection, we have reviewed appellant's arguments and find only the one relating to the ballistics report to be of merit.

There is no disagreement between the parties herein that a lesser standard for the propriety of a search applies in a school context than must be demonstrated in a police situation *(New Jersey v T. L. O.,* 469 US 325). Under the present circumstances, the unusual metal thud made when appellant's bookbag was placed on a cabinet was sufficient to support a reasonable suspicion that there was a weapon in the satchel so as to justify the minimally intrusive act of touching the outside of the bag and thereby frisk for a weapon. Only after both the security guard and dean had each felt the outline of a gun did the latter conduct a full search of the satchel. In view of the fact that the presence of weapons in the school system has assumed epidemic proportions, school authorities, while not unrestricted in the performance of their duties, should at least be accorded the latitude to take the sort of limited action involved herein. To hold otherwise would undermine the ability of schools to attempt to contain the number of weapons flooding the system.

Appellant also contends that the Family Court should have

dismissed count two of the petition for willful defacement of a gun on the ground that there was no nonhearsay allegation that the accused willfully defaced a gun. However, Penal Law § 265.15 (5) creates a presumption of intent that "[t]he possession by any person of a defaced machine gun or firearm is presumptive evidence that such person defaced the same." The supporting deposition of the dean asserted that the identification numbers on the gun in appellant's possession had been defaced, and Penal Law § 265.15 (5) establishes the presumption that appellant is the one who defaced it. Accordingly, count two was not defective.

However, there is substance to appellant's claim that the ballistics report was inappropriately allowed into evidence. While a ballistics report is admissible as an exception to the hearsay rule under CPLR 4518 (*Matter of Ronald B.,* 61 AD2d 204), strict compliance with the statute is required (*People v Garneau,* 120 AD2d 112). In order to meet the legal imperatives for introducing test results into evidence, it must be shown that the writing or record in question was made "at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]; *see also, People v Mertz,* 68 NY2d 136). In the instant situation, not only is the mandated certification (CPLR 4518 [c]) undated, but there is absolutely nothing to indicate that the entries were either contemporaneous with the testing or were made within a reasonable time thereafter. Accordingly, the ballistics report should not have been admitted (*People v Mertz, supra).* Concur —Murphy, P. J., Carro, Milonas, Ellerin and Kupferman, JJ.