OPINION OF THE COURT
Faviola Soto, J.
Defendant is charged with violating Vehicle and Traffic Law § 509 (1) and Vehicle and Traffic Law § 511 (2) (a) (iv), aggravated unlicensed operation of a motor vehicle. Defendant has filed a pretrial motion seeking an order dismissing the information for facial insufficiency. Defendant asserts that the complaint has not adequately been converted to an information as required by CPL 170.65. Specifically, defendant argues that Vehicle and Traffic Law § 511 (2) (a) (iv) requires proof that defendant knew or had reason to know of three or more suspensions, and that the documents offered by the People to corroborate the complaint are neither public records nor business records and are thus hearsay. The People oppose the motion.
Vehicle and Traffic Law § 511 (2) (a) provides: "Aggravated unlicensed operation of a motor vehicle in the second degree, (a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the second degree when such person commits the offense of aggravated unlicensed operation of a motor vehicle in the third degree as defined in subdivision one of this section; and
"(i) has previously been convicted of an offense that consists of or includes the elements comprising the offense committed within the immediately preceding eighteen months; or
"(ii) the suspension or revocation is based upon a refusal to submit to a chemical test pursuant to section eleven hundred ninety-four of this chapter or upon a conviction for a violation *216 of any of the provisions of section eleven hundred ninety-two of this chapter; or
"(iii) the suspension was a mandatory suspension pending prosecution of a charge of a violation of section eleven hundred ninety-two of this chapter ordered pursuant to paragraph (e) of subdivision two of section eleven hundred ninety-three of this chapter or other similar statute; or
"(iv) such person has in effect three or more suspensions, imposed on at least three separate dates, for failure to answer, appear or pay a fine, pursuant to subdivision three of section two hundred twenty-six or subdivision four-a of section five hundred ten of this chapter.”
Under the terms of Vehicle and Traffic Law § 511 (2) (a) (iv), the People are obliged to plead and prove that defendant committed the offense of aggravated unlicensed operation of a motor vehicle in the third degree under Vehicle and Traffic Law § 511 (1), and that he had three or more suspensions imposed on at least three separate dates.
Vehicle and Traffic Law § 511 (1) (a) provides: "Aggravated unlicensed operation of a motor vehicle in the third degree, (a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.”
Defendant argues that the "knowing or having reason to know” element of Vehicle and Traffic Law § 511 (1) (a) is to be applied to Vehicle and Traffic Law § 511 (2) (a) (iv). Such application would oblige the People to plead and prove that defendant knew or had reason to know that he was under three or more suspensions on at least three separate dates.
The court does not agree with the reading of this statute proposed by defendant. Generally, statutes are to be construed in accordance with the natural and obvious meaning of the language used by the Legislature. (McKinney’s Cons Laws of NY, Book 1, Statutes § 94.) The court cannot disregard the plain meaning of the language of a statute to extend it to a purpose or policy not included in the statute. (Id.)
The plain and natural meaning of Vehicle and Traffic Law §511 (2) (a) (iv) is that in order to establish a prima facie case *217 of a violation of Vehicle and Traffic Law § 511 (2) (a) (iv), the People are required to plead and prove the following elements: (1) defendant operated a motor vehicle; (2) defendant operated the motor vehicle on a public highway; (3) defendant did so while knowing or having reason to know his license or privilege of operating a motor vehicle was suspended, revoked or otherwise withdrawn by the commissioner; (4) defendant had, in effect, three or more suspensions imposed on at least three separate dates.
The clear and unambiguous language of Vehicle and Traffic Law § 511 limits the "knowing or having reason to know” element to defendant’s knowing or having reason to know that his license was suspended. Defendant’s interpretation of the statute would extend the scienter element not only to Vehicle and Traffic Law § 511 (2) (a) (iv), but to Vehicle and Traffic Law § 511 (2) (a) (i) through (iii) as well. The Legislature did not elect to do this through the expressed wording of the statute. It is not the role of the court to arrogate this important legislative duty.
The court therefore finds that the People are not required to plead and prove that defendant knew or had reason to know that he had, in effect, three or more suspensions imposed on at least three separate dates. That portion of defendant’s motion to dismiss is denied.
The court also finds that the People have adequately corroborated the complaint, and have alleged a prima facie case for the charged offenses. The accusatory instrument is verified by Police Officer Handera, who observed defendant sitting behind the steering wheel of a 1982 Buick as the car was moving on a public highway, 171st and Teller Avenue, Bronx County. This sworn statement satisfies the first two of the four elements listed above.
With regard to the third element, that defendant knew or had reason to know that his license had been suspended, the People submit a document entitled, "Driver License Suspension Order.” This document is dated July 25, 1993, and is addressed to defendant at 2020 Grand Avenue, Bronx, New York. The suspension order indicates that defendant’s license was suspended as of July 25, 1993 for operating a vehicle without insurance. This document qualifies as a public record under CPLR 4520.
CPLR 4520 provides:
"Certificate or affidavit of public officer
*218 "Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”
Here, the document is a "Driver License Suspension Order” issued by the Commissioner of Motor Vehicles. The Commissioner is authorized to maintain records concerning driver’s licenses and suspensions. (Vehicle and Traffic Law § 508 [3]; § 201.) The order bears a certification which reads: "This is to certify that the foregoing is a true and complete copy (photograph) of a record on file in the New York State Department of Motor Vehicles, Albany, New York.”
The certification bears a reproduction of the signature of the Commissioner of Motor Vehicles.
The court finds that these factors adequately authenticate the document and establish the necessary elements to qualify this document as a public record. (See, People v Garneau, 120 AD2d 112 [4th Dept 1986], lv denied 69 NY2d 880 [1987].) The order is thus prima facie evidence that defendant’s license was suspended as of June 25, 1993.
Further, Vehicle and Traffic Law § 214 provides:
"Proof of mailing of notice or order
"The production of a copy of a notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures. The foregoing procedure shall not preclude the use of an affidavit of service by mail, a certificate of mailing or proof of certified or registered mail as proof of mailing of any such order or notice.”
The People have submitted the affidavit of Marcus P. Salm, the records manager in the Public Services Bureau of the Department of Motor Vehicles (DMV). This affidavit complies with the strictures of Vehicle and Traffic Law § 214, and, along with the suspension order, is presumptive evidence that the suspension order was properly produced and mailed.
*219 Further, the first-party information of Officer Mandera alleges that at the time of the incident defendant was unable to produce a valid license. Such failure to exhibit a license is presumptive evidence that defendant was not licensed at the time. (Vehicle and Traffic Law § 507 [2].)
The court finds that the order of suspension, affidavit of Marcus Salm and information of Officer Mandera are legally sufficient to show that defendant operated a motor vehicle on a public highway while knowing or having reason to know that his license was suspended.
The People also submit a DMV abstract of driving record for this defendant. The abstract shows three or more suspensions imposed on at least three separate dates. The abstract bears a certification which reads: "This is to certify that the foregoing is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York.”
The abstract also bears a reproduction of the signature of the Commissioner of Motor Vehicles. The Commissioner is authorized by statute to maintain such records. (Vehicle and Traffic Law § 201.) This abstract is therefore properly authenticated, and qualifies as a public record under CPLR 4520. (See, People v Garneau, supra.)
The accusatory instrument, along with the supporting documents, establish a prima facie case for the offenses charged. Defendant’s motion to dismiss is denied.