OPINION OF THE COURT
Dennis F. Bender, J.
The above-named defendant stands accused of three counts of defacement of weapons (Penal Law § 265.10 [6]), three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). All relate to his alleged possession and defacement of three handguns. The defendant now moves for various forms of relief, including an inspection of the Grand Jury minutes, and subsequent dismissal of the indictment for the failure of the People to present sufficient proof.
The foregoing motions were filed on February 18, 1998 in open court. Argument was set for a future date, but the prosecution was directed to hand up a copy of the Grand Jury minutes for inspection. Such a review has been conducted, and I now decide as follows.
Evidence was presented before the Grand Jury by a witness who largely established all elements of the offenses charged against the defendant. That individual, however, also testified, that with knowledge of its purpose, he provided the defendant with the file with which the defendant allegedly removed the serial numbers from the handguns in question. As such, the witness is an accomplice whose testimony requires corroboration. (CPL 60.22; People v Cilento, 2 NY2d 55.) Was it provided?
In addition to that from the accomplice, testimony was elicited from a Sheriff’s Department investigator. His contribution towards “eonnect[ing] the defendant with the commission of such offense” (CPL 60.22 [1]) consisted of the following exchange:
“Q. Can you tell me whether or not you became involved in an investigation relating to a Richard J. Landon?
*863 “A. Yes, ma’am.
“Q. Approximately, when did you become involved in that investigation?
“A. September. Approximately, September 30th.
“Q. Do you know whether or not some pistols were taken into evidence as a result of that investigation?
“A. Yes, ma’am.”
Whether this conclusory connection could have been supported by any admissible testimony from the investigator is unknown. He was never asked anything regarding by whom, when, where, or how the weapons were seized, nor anything else about the defendant. No other witnesses were called.
Additional evidence consisted of two reports offered pursuant to CPL 190.30 (2) from the Monroe County Public Safety Laboratory, which addressed the operability of two of the weapons named in the indictment. Each state that the weapon named in it was “taken from 4222 West Covert Road, Town of Covert”. The accomplice had testified that this address was where the defendant resided.
The level of corroboration required by CPL 60.22 is not high. “[P]roof of the elements of the crimes is not the determinative template of analysis * * * and much less evidence and of a distinctly inferior quality is sufficient to meet the slim corroborative linkage to otherwise independently probative evidence from accomplices.” (People v Breland, 83 NY2d 286, 294.) Thus, it can reasonably be said that evidence that the weapons were seized from the defendant’s residence would be sufficient, but with a caveat: it presumes that the information regarding the address where the guns were seized was properly before the Grand Jury.
“New York State indictments must be based on competent evidence, meaning evidence not subject to an exclusionary rule, such as the prohibition against hearsay”. (People v Swamp, 84 NY2d 725, 730 [citations omitted].) While it is true that the reports which were received in this case are statutorily prescribed for Grand Jury proceedings (CPL 190.30 [2]), the question remains whether extraneous hearsay material contained in the reports and not relevant to the scientific analysis conducted, may be considered by the jury. This court answers the question, which does not appear to have been previously addressed by the courts of this State, in the negative.
CPL 190.30 (2) was “designed to save valuable time of persons such as police chemists and ballistics experts, whose *864 reports would speak for themselves at [Grand Jury] proceedings” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 190.30, at 243). Accordingly, a report properly certified so as to insure the “expert both performed the test and made the report” is admissible without the testimony of the technician. (People v Washington, 228 AD2d 23, 24.) It does not logically follow, however, that the People should be allowed to use the report to establish facts not related to the scientific study performed. Indeed, carried to the extreme, if the report stated that analyzed property was seized from a given individual, it could eliminate the need for the prosecutor to present anything to the Grand Jury but the laboratory report. Clearly, such is beyond the intent of the Legislature in enacting CPL 190.30 (2).
Based upon the foregoing, the People have failed to provide corroborative evidence, and the indictment must be dismissed.
Anticipating a request by the People to resubmit the matter to the Grand Jury, the court makes the following further observations.
Initially, counts two, five, and eight would have been dismissed regardless of the above, because the People presented no evidence of the operability of the weapon named in those counts. Furthermore, counts seven and nine (and eight, if operability had been proven) would have been reduced to criminal possession of a weapon in the fourth degree. This is because the only proof that the defendant had a prior conviction was a certificate of conviction for a Richard J. Landon. While the certificate did contain a date of birth, no evidence was presented to the Grand Jury that this was the defendant’s date of birth.
Proof of a prior conviction of a person with the same name as a defendant “even in the same county [does] not constitute prima facie proof that defendant was the person previously convicted” (People v Van Buren, 82 NY2d 878, 880).
Considering the seriousness of the charges and noting that the defendant is free on bail, this order is hereby stayed until March 9, 1998, to afford the People an opportunity to request leave to resubmit should they so desire. (CPL 210.20 [4]; 210.45 [9].) The balance of the omnibus motion is denied as moot.