OPINION OF THE COURT
MEMORANDUM.
Judgments of conviction unanimously affirmed.
Vehicle and Traffic Law § 214 creates a statutory exception to the hearsay rule in which the affidavit of regularity/proof of mailing, order of suspension and an electronically generated driving abstract are admissible, and create a presumption of mailing (and knowledge) which may be rebutted by defendant (see, People v Kollore, 151 Misc 2d 384). This section, contrary to defendant’s contentions, clearly allows for the admission into evidence of these three documents regardless of their ability to be independently admitted pursuant to any evidentiary hearsay exception. If this were not so, the statute would have no effect and the intent of the Legislature would not be fulfilled.
In the case at bar, the Department of Motor Vehicles (DMV) abstract consists of four pages listing 30 separate suspensions (29 of which were admitted into evidence). Each page bears the following certification above the facsimile signature of the Commissioner of Motor Vehicles: “[t]his is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York”. The order of suspension, dated April 13, 1992, bears the following certification above the facsimile signature of the Commissioner of Motor Vehicles: “[t]his is to certify that this document is a true and complete copy (photographic) of a record on file in the New York State Department of Motor Vehicles, Albany, New York”.
At trial the People presented copies of the order of suspension, the DMV abstract and the affidavit of regularity/proof of mailing which, taken together, create a presumption of mailing pursuant to Vehicle and Traffic Law § 214. Also, both the abstract and the order of suspension are independently admissible pursuant to CPLR 4520 and 4540. This is so since they are both in the form of an affidavit or certificate provided by the Commissioner of Motor Vehicles and we take judicial notice that it is the Commissioner’s responsibility (as a public officer authorized by special provision of law) to suspend drivers’ licenses for the failure to pay fines or appear, as well as the fact that the abstract merely lists acts performed by the Commissioner or a person deputized by him (Vehicle and Traffic Law §§ 354, 510, 514; cf., People v McCray, 61 AD2d 860).
*539 The facts herein, however, are distinguishable from those in People v Parisi (NYLJ, June 3, 1996, at 30, col 4 [App Term, 9th & 10th Jud Dists]), relied upon by defendant. In Parisi, we held that the order of suspension was not admissible and took no judicial notice of facts which would make it admissible since the People could never prove their case. This was so because the People failed to produce at trial the order of suspension and the affidavit of regularity/proof of mailing, along with the DMV abstract. Therefore, the presumption of mailing (knowledge) could not be established pursuant to Vehicle and Traffic Law § 214.
In addition, defendant contends that the certifications were placed on the documents prior to the information to which it certified and, therefore, no comparisons or attestations regarding the completeness and/or truthfulness of the copies could be made. The trial court also noted that the documents and the certifications thereon were preprinted, but decided that it was of no consequence. A physical review of these documents does not indicate that any certification was affixed prior to the information being put onto the documents, and a review of the record on appeal is devoid of any evidence of the practices of the DMV pertaining to the preparation of these documents and the People never conceded that the certifications on the documents had, in fact, been preprinted. Since no testimony was provided by anyone with personal knowledge of the procedures of the production of these documents, the presumption of regularity controls and it has not been rebutted by any evidence presented to the trial court (Prince, Richardson on Evidence § 3-120 [Farrell 11th ed]).
We note that defendant advanced no arguments in his appellate brief as to why his Vehicle and Traffic Law § 306 (b) conviction should be reversed; therefore, that judgment is affirmed. All remaining issues have not been preserved for appellate review.
Ingrassia, J. P., Floyd and Levitt, JJ., concur.