*651 OPINION OF THE COURT
Joseph D. McGuire, J.
The Grand Jury of the County of Oneida has accused defendant, Jeffrey P. Baker, of the crimes of operating a motor vehicle while under the influence of alcohol, in violation of section 1192 (3) and section 1193 (1) (c) of the Vehicle and Traffic Law, a felony, and passing a red light in violation of section 1111 (d) (1) of the Vehicle and Traffic Law, a traffic infraction. Defendant has filed an application pursuant to the Criminal Procedure Law, seeking dismissal of the indictment. The People have responded with an “Affirmation.” Defendant has filed a supplemental request in connection with an exhibit used by the Grand Jury, and the People have submitted a letter answer to the supplemental request.
Absent a showing of good cause, the court is mandated to inspect Grand Jury minutes (CPL 210.30 [2]). In examining the minutes, the court must determine whether there was competent evidence which, if accepted as true, would establish each and every element of the offense charged and the commission thereof by the defendant (CPL 70.10; People v Mayo, 36 NY2d 1002). The Grand Jury is an accusatory body only, and while proof beyond a reasonable doubt is not necessary, there must be evidence sufficient to establish a prima facie case (People v Mayo, supra; People v Gordon, 88 NY2d 92 [1996]; People v Jensen, 86 NY2d 248 [1995]).
An evaluation of the legal sufficiency of the evidence considered by the Grand Jury involves a determination of “whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury.” (People v Jennings, 69 NY2d 103, 114; see also, People v Smith, 213 AD2d 1073 [4th Dept 1995].) It is the burden of the defendant to make out a clear showing of insufficiency in order for the court to dismiss the indictment (see, People v Galatro, 84 NY2d 160 [1994]). The court has examined the Grand Jury minutes to determine if there was competent evidence to establish each and every element of the offenses charged and the commission thereof by defendant (CPL 210.30 [2]; 70.10; People v Mayo, supra).
Count one of the indictment, operating a motor vehicle while under the influence of alcohol as a felony in violation of section 1192 (3) and section 1193 (1) (c) of the Vehicle and Traffic Law, requires proof that the named defendant was operating a motor vehicle on a public highway or other prohibited area while *652 in an intoxicated condition, having been previously convicted of the charge within the preceding 10 years (Vehicle and Traffic Law § 1192).
Count two of the indictment, passing a red light, requires proof that the named defendant did not stop or remain standing at a steady red signal while operating a motor vehicle.
The evidence presented to the Grand Jury consisted of testimony by the arresting New York State Trooper, as well as the exhibit which was described as defendant’s New York State driving record.
Rules of evidence generally apply in Grand Jury proceedings (CPL 190.30 [1]). This includes trial court evidentiary rules, with certain statutory exceptions (People v Mitchell, 82 NY2d 509; CPL 190.30 [2]-[7]).
In order for a misdemeanor charge of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]) to become either a class D or E felony there must be competent proof that the named defendant has one or more prior convictions of an appropriate subdivision of section 1192 within a stated number of years (Vehicle and Traffic Law § 1193 [1] [c] [i] or [ii]).
The required proof must also establish that the named defendant is the same person previously convicted, using “further, connecting evidence” (see, People v Van Buren, 82 NY2d 878, 881; People v Rattelade, 226 AD2d 1107 [4th Dept 1996]; People v Landon, 175 Misc 2d 861 [1998]; People v Richards, 266 AD2d 714 [3d Dept 1999]).
Proof of identity and prior convictions is often accomplished by use of either a certificate of conviction from a court that is presumptive evidence of the facts in the certificate (CPL 60.60 [1]), or an abstract from the defendant’s driving record maintained by the State Department of Motor Vehicles.
The abstract from the Department of Motor Vehicles is hearsay but is admissible and thus competent evidence if it satisfies one of the exceptions generally applicable to civil cases (CPL 60.10).
Possible hearsay exceptions that might encompass this item of evidence include the business record exception (CPLR 4518 [c]); the public officer’s records exception (CPLR 4520); or the public documents common-law hearsay exception (Consolidated Midland Corp. v Columbia Pharm. Corp., 42 AD2d 601; Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed]).
*653 To satisfy the business records hearsay exception, the document must be made in the regular course of the business, it must be in the regular course of the business to make the record, the record must have been made at or near the time of the act or occurrence recorded, and the person making the record must have had actual knowledge or must have received the information from a person in the business who had actual knowledge and was under a business duty to report the event (CPLR 4518). At the Grand Jury stage, the abstract from the Department of Motor Vehicles is often not considered under this exception because of the absence of foundational testimony (see, People v Kennedy, 68 NY2d 569).
The statutory public record exception provides: “Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.” (CPLR 4520.)
A Department of Motor Vehicles abstract that is properly authenticated (CPLR 4540) and that meets the several requirements of the statute may be used to provide competent proof of prior convictions of the named defendant (see, People v Michaels, 174 Misc 2d 982 [1997]; People v Carlsons, 171 Misc 2d 943 [1997]; People v Pabon, 167 Misc 2d 214 [1995]; People v Meyer, 177 Misc 2d 537, lv denied 92 NY2d 901). Admissibility “is as much dependent upon authentication as is admissibility under the common-law public documents exception to the hearsay rule” (People v Garneau, 120 AD2d 112, 116 [4th Dept 1986], lv denied 69 NY2d 880).
A third exception, the common-law public document exception, provides that when a public officer is required or authorized statutorily or by the nature of his or her official duties to keep records of transactions occurring in the course of such duties, the records made by or under the supervision of the public officer are admissible (People v Minck, 21 NY 539; Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed]). When the document is offered under this exception to the hearsay rule, proper authentication is nonetheless required (People v Garneau, supra; CPLR 4540). The Department of Motor Vehicles abstract is not an original document, and is a copy that still requires certification of attestation (People v Smith, 258 AD2d 245 [4th Dept], lv denied 94 NY2d 829 [1999]).
Authentication under either the statutory or common-law public document exception is a two-step process. If the doeu *654 ment is attested as correct by the official or deputy having legal custody of it, it becomes “prima facie evidence of such record” (CPLR 4540 [a]). Attestation involves a comparison of the copy with the original and a statement of the accuracy of the copy. The additional standard to be satisfied for proper authentication is compliance with one of the three allowable methods of certification (CPLR 4540 [b]). In connection with Department of Motor Vehicles abstracts, use of “a facsimile of the signature of, the officer having legal custody of the original * * * with his official seal affixed” (CPLR 4540 [b]) is a common method.
A “Driver License Suspension Order” issued by the Commissioner of Motor Vehicles was felt to be properly authenticated when there was a certification that it was a true and complete copy of a record on file in the Department, and the certification contained a reproduction of the Commissioner’s signature (People v Pabon, 167 Misc 2d 214, supra). A Department of Motor Vehicles abstract certified with the facsimile signature of the Commissioner of Motor Vehicles was admitted into evidence by a trial court in the absence of testimony that there was improper certification (People v Meyer, supra; contrast, People v Smith, 258 AD2d 245, supra). The Department of Motor Vehicles abstract was allowed into evidence at trial as properly authenticated, where it contained the seal of the State, the appropriate certification language, and a facsimile signature of the Commissioner of Motor Vehicles (People v Michaels, supra). A Department of Motor Vehicles abstract of defendant’s driving record, offered to establish a prior suspension, was also admitted by a trial court under both the statutory and common-law public records exceptions, taking into account Vehicle and Traffic Law § 354 (People v Kollore, 151 Misc 2d 384).
On the other hand, a trial order of dismissal was granted when the Department of Motor Vehicles abstract was concededly a blank form that contained the attestation and seal on it prior to impressing any driving record information thereon (People v Watson, 167 Mise 2d 441). Failure to properly attest a Department of Motor Vehicles abstract prevents its use by the Grand Jury because of the improper authentication (People v Carlsons, supra). Also, placing defendant’s driving record on the document after the seal and certification had already been affixed on the blank document is fatal to the admissibility of the Department of Motor Vehicles abstract (People v Smith, 258 AD2d 245, supra; see also, People v Garneau, 120 AD2d 112, supra).
*655 Defendant has argued that the Department of Motor Vehicles abstract in the present case is identical to that deemed inappropriate in People v Smith (258 AD2d 245, supra). Defendant contends that, by reason of the improper evidence, a reduction to a misdemeanor is required. In Smith (258 AD2d 245, supra), as in Watson (supra), the concern about authentication related to the ease with which forgery could be accomplished. A blank form with the seal and the signature already on it was used and then apparently typed on. No evidence of comparison was provided. No safeguard existed to permit the inference of accuracy. Use of that procedure clearly violated the statutory rules and the purpose of the rules.
The People have represented that currently the seal and certification of the Department of Motor Vehicles records are placed on the document contemporaneously with the driving record information. The date of the Department of Motor Vehicles abstract indicates that the form was adopted in April 1999, supporting the contention raised by the People. The form of driving record abstract used in Smith (supra) is one in effect prior to July 16, 1998, the date of the indictment in that matter.
The issue thus becomes whether the affixation of the seal and signature simultaneously with the insertion of the driving information satisfies the public records exception.
The court can find no telling difference between the presently adopted procedure and the physical affixation of the seal and physical signature on the document after it has been typed and prepared. Technological advances have permitted simultaneous reprinting of information and transmitting of same that overcome the objections occasioned by improper authentication. In many ways, the present procedure serves to overcome the possibility of human error that might result from improper comparison prior to separate affixation of the seal and signature. Further, the court has been advised that access to the computer generation of the information is strictly limited. Accuracy, which is the intent of the authentication rules, is satisfied by the simultaneous printing process. Under these circumstances, the court finds that the present procedure for Department of Motor Vehicles driving record abstracts provides for use of competent evidence at the Grand Jury stage of the proceedings.
The bare allegation that the document in question is improper does not satisfy defendant’s burden to make out a clear showing of insufficiency in order for the court to dismiss *656 the indictment (see, People v Galatro, 84 NY2d 160, supra). Rebuttal evidence in connection with the Department of Motor Vehicles abstract may be presented to the trial court in order to overcome the court’s view that the presumption of regularity attaches to the use of Department of Motor Vehicles driving abstracts at the Grand Jury proceeding. Unexplained, and uncontradicted, the evidence presented to the Grand Jury establishes a prima facie case and would warrant conviction (People v Mayo, 36 NY2d 1002, supra; People v Jennings, 69 NY2d 103, supra).