OPINION OF THE COURT
Thomas A. Dickerson, J.
The Admissibility of an ORPS SalesWeb Data Compilation
During the trial of this Real Property Tax Law article 7 matter, now in its 44th day, the petitioner, the Miriam Osborn Memorial Home Association, sought to admit into evidence petitioner’s exhibit RRRR (i)-(viii), which is a compilation of an electronic printout of data maintained by the New York State Office of Real Property Services (ORPS) and downloaded by Ms. Lori Dillon, a witness for the Osborn, from the ORPS SalesWeb.
What is the ORPS SalesWeb?
The ORPS SalesWeb is an Internet on-line search engine:
“used to query information about real property sales stored in a data warehouse at ORPS. The data warehouse contains in excess of 3.4 million real property sales records. These records contain information on properties sold and recorded in New York State (excluding New York City) . . . For counties outside of New York City, the source of the real property sales information is the State of New York Real Property Transfer Report (RP-5217). The RP-5217 form is completed by the buyer, seller or their agent *1021 at the time of sale, and is then filed with the county clerk when the deed is recorded. Copies of this form are mailed to our office, the County Director of Real Property Tax Services, and the municipal assessor. Sales information is generally loaded to the database within 60 days of the deed recording . . . Our office makes every effort to produce and publish the most current and accurate information possible. This information is entered and then cross-checked against assessment roll files sent to us by each municipality to ensure accuracy in the following fields: assessment, school code, front footage, depth, acres, grid coordinates, roll year, tax map identification number, property use and property class. In addition, this information is reviewed and corrected by the city, town or village assessor, or the authorized County Director of Real Property Tax Services. Nevertheless, this information is subject to change at any time as authorized corrections are reported to us. Updates are posted once a week to our data warehouse.”[1]
Is Petitioner’s ORPS SalesWeb Data Compilation Admissible?
The Osborn’s Position
The Osborn asserts that exhibit RRRR is admissible since it is a public record and, as a public record, should be taken judicial notice of by this court. In addition, the Osborn has moved for admission of exhibit RRRR under the CPLR 4520 hearsay exception for public records as well as under the common-law hearsay exception for public documents.
Compilation of Data “Prepared” by ORPS
The Osborn states that exhibit RRRR is a compilation
“prepared by the New York State Office of Real Property Services (‘ORPS’) of certified RP-5217 forms, which, as discussed in our previous letter, are required to be filed with every deed presented for recording and are therefore binding on the parties to the property transfer. The RP-5217 forms are clearly public records subject to the New York State Freedom of Information Law (‘FOIL’) ... So too is ORPS’ compilation of the raw data from these forms, since ORPS is required to compile and utilize data from filed Forms RP-5217 in the discharge of *1022 its duties.”[2]
“In short, since Exhibit RRRR is a public record, and even subject to judicial notice, that should be the end of the inquiry into its admissibility.”[3]
No Objection Based upon Authentication
The intervenor-respondent, the Rye City School District, relies on People v Garneau (120 AD2d 112 [4th Dept 1986]) for the proposition that, when the document is admitted under the common-law hearsay exception for public documents, it must be authenticated.[4] Petitioner’s response to this issue is that:
“Intervenor-Respondent has not interposed any objection based on authenticity, did not conduct any voir dire based on authenticity, has never stated that Exhibit RRRR is anything other than SalesWeb data (from certified RP-5217 forms), and has, in fact, corroborated the authenticity of Exhibit RRRR by using the password of Assessor Noreen Whitty to retrieve additional SalesWeb documents that were used during Miss Dillon’s voir dire. This fact also flatly refutes Mr. Weiner’s unsubstantiated statement that ‘the Compilation here was not even created by ORPS’,[5] since Intervenor-Respondent’s own counsel has obtained similar documents from ORPS’ website.”[6]
The School District’s Position
Relying on Prince, Richardson on Evidence § 2-204 (Farrell 11th ed), the School District states that “a court cannot take judicial notice of a fact unless the source of the underlying information is of ‘indisputable reliability.’ ” “In the instant proceeding, even ORPS, the state agency that maintains the SalesWeb service, cannot guarantee the accuracy, reliability or *1023 completeness of the underlying data comparing the Compilation.”[7]
The ORPS Disclaimers
The School District refers to the disclaimers which appear on the ORPS Web site which, according to the School District, underscore the reliability of the ORPS compilation of the RP-5217 data. One disclaimer, which appears in the “contract” that SalesWeb users must agree to before accessing the database, states:
“The public information contained herein is furnished as a public service by the New York State Office of Real Property Services. The Office of Real Property Services makes no warranties, expressed or implied, concerning the accuracy, completeness, reliability, or suitability for the use of this information. Furthermore, the Office of Real Property Services assumes no liability associated with the use or misuse of such information.”[8]
Another disclaimer appears on the “Save Menu” Web page and requires users to review the disclaimer before they can download or save data,[9] as well as there being a general disclaimer for the ORPS site.[10]
No Warranty of Accuracy
According to the School District “the ORPS disclaimers do not just disclaim liability, but go further by stating that ORPS does not warrant ‘the accuracy, reliability, or timeliness’ of the underlying data comprising the Compilation. In short, as long as the possibility of inaccuracy exists, the Compilation cannot be said to be ‘indisputably reliable.’ ”[11] Therefore, it claims that this court cannot take judicial notice of the data contained in the ORPS’ compilation.
Standards of Reliability and Trustworthiness
The School District also asserts that “the Compilation does not meet the standards of reliability and trustworthiness required to apply the public document exceptions provided under CPLR 4520 and the common law.”[12] The School District claims that, not only has the Osborn failed to provide a certifi *1024 cate or affidavit of a public officer pursuant to CPLR 4520, but “[t]he Osborn cannot demonstrate that the RP-5217 forms, upon which the Compilation is based, are ‘mandated’ by law to be filed as a public record.”[13]
The School District further claims that, although the common-law exception for public documents is broader than CPLR 4520, “it requires the same considerations of reliability as CPLR 4520.”[14] It posits that documents offered under either of the exceptions for public documents must pass the same stringent test for trustworthiness and reliability, and that “[t]he Osborn cannot satisfy the standard for public records under either the CPLR or under the common law.”[15]
Discussion
Judicial Notice of Facts
In New York, the rules governing judicial notice of facts have developed through the commoñ-law process (see e.g., Murray v Donlan, 77 AD2d 337, 348 n 4 [2d Dept 1980] [“(J)udicial notice” is that “mode of ascertainment by judicial authority of matters of universal knowledge without having such matters established by evidence in the individual case”]; Ptasznik v Schultz, 247 AD2d 197, 198 [2d Dept 1998] [“The test is whether the fact rests upon knowledge or sources so widely accepted and unimpeachable that it need not be evidentiarily proven”]; Dollas v W.R. Grace & Co., 225 AD2d 319, 320 [1st Dept 1996] [“A court may only apply judicial notice to matters of common and general knowledge, well established and authoritatively settled, not doubtful or uncertain. The test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof” (internal quotation marks omitted)]).
Judicial notice of a fact is only proper where there are “adjudicative facts” which are commonly known to exist (Dolías, supra). “Adjudicative facts” are defined as “propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.” (Weinstein-Korn-Miller, NY Civ Prac 1Í 4511.01 [2] [b], quoting Uniform Rules Evid rule 9 [2].)
For a court to take judicial notice of a fact, the source of the underlying information must be of “indisputable reliability” *1025 (see e.g., Matter of Crater Club v Adirondack Park Agency, 86 AD2d 714, 715 [3d Dept 1982] [“judicial notice is improper since the contents of the letter are neither of common knowledge or determinable ‘by resort to . . . sources of indisputable accuracy’ ”]). In fact, the use of judicial notice as a substitute for foundation testimony should be limited to those situations in which the records are so “patently trustworthy as to be self-authenticating” (People v Kennedy, 68 NY2d 569, 577 n 4 [1986]).
Judicial Notice of ORPS SalesWeb Will Not be Taken
In the instant matter, the underlying sales data is certainly not of common notoriety or general knowledge, nor can it be classified as adjudicative facts. In addition, the ORPS disclaimers do not just disclaim liability, they state that ORPS does not warrant “the accuracy, reliability or timeliness” of the underlying data comprising the compilation. The compilation cannot be said to be “indisputably reliable” or so “patently trustworthy as to be self-authenticating” as long as the possibility of inaccuracy and unreliability exists.
Hence, this court will not take judicial notice of the ORPS SalesWeb.
CPLR 4520—The Public Record Exception
In order for an otherwise hearsay document to be admitted as a public record, it must meet the requirements of CPLR 4520, entitled “Certificate or affidavit of public officer,” which states:
“Where a public officer is required or authorized, by special provision of law, to make a certificate or an affidavit to a fact ascertained, or an act performed, by him in the course of his official duty, and to file or deposit it in a public office of the state, the certificate or affidavit so filed or deposited is prima facie evidence of the facts stated.”
The Hearsay Exception for Certain Public Records
“CPLR § 4520 creates a hearsay exception for certain records prepared by public officers . . .
“To fall within CPLR 4520, the public record must meet several requirements: (1) the record must be made by a public officer; (2) it must be in the form of a ‘certificate’ or ‘affidavit’; (3) the record must be required or authorized ‘by special provision of law’; (4) it must be made in the course of the officer’s official duty; (5) it must be a record of a fact ascer *1026 tained or an act performed by the officer; and (6) it must be on file or deposit in a public office of the state. Only a few types of formal public records have been deemed to meet all of these criteria. Examples include a report of receipts and disbursements of the highway department prepared by a county treasurer pursuant to statutory requirement and filed with the county board of supervisors, and a verified statement of a bank’s assets and liabilities prepared by the superintendent of banks and filed with the county clerk pursuant to statute.” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4520:l, at 240-242 [citations omitted].)
Prima Facie Evidence of the Truth
If the prerequisites of CPLR 4520 can be met, the record will be prima facie evidence of the truth of the matters asserted therein. Authentication of a record that satisfies the hearsay exception of CPLR 4520 can be accomplished by compliance with CPLR 4540, which provides a means of making such record “self-authenticating” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4540:l).
Sufficient Independent Indicia of Reliability
In Cramer v Kuhns (213 AD2d 131, 136 [3d Dept 1995]), the Court held that a hearsay document could be admitted as a public record under CPLR 4520 only if it has “sufficient independent indicia of reliability to justify its admission.” The Court examined the federal counterpart to CPLR 4520 (Fed Rules Evid rule 803 [8] [C]) to aid its determination as to whether a study published by the National Highway Traffic Safety Administration was admissible. Rule 803 (8) (C) “provides for the admission in evidence, in civil actions, of government agency reports which otherwise would be excludable hearsay, if those reports constitute factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness” (Cramer at 135-136 [internal quotation marks omitted]). The Cramer court determined that the study was inadmissible since it was not sufficiently reliable and trustworthy.
The ORPS SalesWeb is Inadmissable under CPLR 4520
The Osborn has failed to provide the court with a certificate or affidavit of a public officer regarding exhibit RRRR, the data *1027 compilation derived from the ORPS SalesWeb. In addition, in light of the various ORPS disclaimers wherein ORPS does not warrant the accuracy or reliability of the underlying data comprising the compilation, the Osborn has not provided “sufficient independent indicia of reliability” of the ORPS Sales-Web. Also, the Osborn cannot demonstrate that the RP-5217 forms, upon which the compilation is based, are “mandated” by law to be filed as a public record pursuant to CPLR 4520. Although the Osborn cites RPTL 202 (2) and 738 and section 333 of the Real Property Law as proof of a statutory requirement that mandates the filing of RP-5217 forms, a review of these statutory provisions reveals that they do not support the Osborn’s conclusions.
Hence, the ORPS SalesWeb is inadmissible under the CPLR 4520 hearsay exception.
The Common-Law Hearsay Exception for Public Documents
Under the common-law public documents hearsay exception, “[w]hen a public officer is required or authorized, by statute or nature of the duty of the office, to keep records or to make reports of acts or transactions occurring in the course of the official duty, the records or reports . . . are admissible in evidence.” (Prince, Richardson on Evidence § 8-1101, at 688 [Farrell 11th ed]; see also, People v Hudson, 237 AD2d 943 [4th Dept 1997].)
Presumed Reliability and Efficiency
“The common law exception for public records is justified by the presumed reliability inherent in the recording of events by public employees acting in the regular course of public duty . . . Public employees make records pursuant to the ‘sanction of public duty’ and have no motive to falsify ... As with the hearsay exception for business records, see CPLR 4518(a), the reliability of public records is enhanced by the routine and repetitive circumstances under which such records are made. An additional justification is public convenience: If government employees are continually required to testify in court with respect to matters they have witnessed or in which they have participated in the line of duty, the efficiency of public administration will suffer.” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4520:2, at 244 [citations omitted]; see also People v Hoats, 102 Misc 2d 1004, 1010 [1980] *1028 [“Under the common-law exception, when a public officer is authorized by the nature of his official duty to keep records of transactions occurring in the course of his duty, the record so made by him or under his supervision is admissible in evidence”].)
Public Officials Deemed Trustworthy
Hence, since the public official has no motive to distort the truth and the writing is made in discharge of public duty, the record or report is “deemed sufficiently trustworthy to be received as an exception to the hearsay rule.” (Prince, Richardson on Evidence § 8-1101, at 688-689 [Farrell 11th ed]; see also Chesapeake & Delaware Canal Co. v United States, 250 US 123, 128 [1919]; Kozlowski v Amsterdam, 111 AD2d 476 [3d Dept 1985] .)
Common-Law Rule Not Superceded by Statute
The common-law public documents hearsay exception is broader than CPLR 4520, and has not been superceded by the statute (see e.g., Consolidated Midland Corp. v Columbia Pharm. Corp., 42 AD2d 601, 601 [2d Dept 1973] [“In our opinion, it was error for the trial court to refuse to admit into evidence plaintiffs exhibits which were marked 10 and 11 for identification. While we agree with the trial court that these exhibits could not be admitted under CPLR 4520, they should have been admitted under the common-law hearsay exception rule for official written statements, often called the ‘official entries’ or ‘public document’ rule. The common-law rule, which is much broader in scope, has not been superceded by CPLR 4520”]).
Public Documents are Admissible But Must be Authenticated
Therefore, the public document is admissible without the testimony of the official who made it, but it must be authenticated (see e.g., People v Garneau, 120 AD2d 112, 116 [4th Dept 1986] [“It is well settled that to be admissible, any public document must be authenticated as being that which it purports to be . . .”]; People v Smith, 258 AD2d 245, 249 [4th Dept 1999] [“The inquiry into the admissibility of the DMV abstract, however, does not end with the determination that it is admissible over a hearsay objection. Following that determination, the question remains whether the document has been properly authenticated”]; Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed]).
*1029 Authentication by CPLR 4518 (c)
Authentication of certain public records may be accomplished by certification as provided in CPLR 4518 (c), which states in pertinent part that
“[a] 11 records, writings . . . are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, laboratory, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose . . . .”
Authentication as a Two-Step Process
“Authentication under either the statutory or common-law public document exception is a two-step process. If the document is attested as correct by the official or deputy having legal custody of it, it becomes ‘prima facie evidence of such record’ (CPLR 4540 [a]). Attestation involves a comparison of the copy with the original and a statement of the accuracy of the copy. The additional standard to be satisfied for proper authentication is compliance with one of the three allowable methods of certification (CPLR 4540 [b]). In connection with Department of Motor Vehicles abstracts, use of ‘a facsimile of the signature of, the officer having legal custody of the original . . . with his official seal affixed’ (CPLR 4540 [b]) is a common method.” (People v Baker, 183 Misc 2d 650, 653-654 [2000].)
The ORPS SalesWeb is Admissible But Must be Authenticated
The ORPS SalesWeb is a compilation of the raw data from the RP-5217 forms, and ORPS is required to compile and utilize this RP-5217 data in the discharge of its duties. Hence, it is admissible under the common-law hearsay exception, but the document must be properly authenticated.
The ORPS SalesWeb is Also an Electronic Record
CPLR 4518 (a) states in pertinent part:
“An electronic record, as defined in section one hundred two of the state technology law, used or stored as such a memorandum or record, shall be admissible in a tangible exhibit that is a true and accurate representation of such electronic record. The court may consider the method or manner by which the electronic record was stored, maintained or retrieved in determining whether the exhibit is a true and accurate representation of such electronic *1030 record. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not effect its admissibility.”
State Technology Law § 306
Section 306 (formerly § 106) of the State Technology Law, entitled “Admissibility into evidence,” states:
“In any legal proceeding where the provisions of the civil practice law and rules are applicable, an electronic record or electronic signature may be admitted into evidence pursuant to the provisions of article forty-five of the civil practice law and rules including, but not limited to section four thousand five hundred thirty-nine of such law and rules.” (See CPLR 4539 [entitled “Reproductions of original”].)
ORPS SalesWeb Admissible under State Technology Law § 306 and CPLR 4518 (a)
In the instant matter, Ms. Dillon testified at trial as to the manner in which she downloaded, printed and copied the electronic record of the ORPS SalesWeb. In so doing, it was taken from its electronic form and turned into a tangible exhibit. Ms. Dillon testified regarding the method by which she retrieved this electronic record maintained by ORPS, and this court concludes that the “exhibit is a true and accurate representation of such electronic record.”
Since the ORPS SalesWeb which the petitioner is attempting to introduce into evidence is an electronic record, it falls within CPLR 4518 (a) and State Technology Law § 306 and will therefore be admissible pursuant to these statutory provisions.

. Letter of Peter G. Bergmann, dated Aug. 12, 2005, exhibit D, About SalesWeb, at 1 (Bergmann letter 1).

. Letter of Peter Bergmann, dated Aug. 19, 2005, at 1-2 (Bergmann letter 2). See also Bergmann letter 1 at 1, wherein it is stated that “New York State law is clear that ‘[d]ata culled from public records is, of course, a proper subject of judicial notice’. Siwek v. Mahoney, 39 NY2d 159,163 n.2 (1976)

. Bergmann letter 2 at 2.

. Letter of Robert A. Weiner, dated Aug. 12, 2005, at 3 (Weiner letter 1).

. Weiner letter 1 at 4.

. Bergmann letter 2 at 4.

. Letter of Robert Weiner, dated Aug. 19, 2005, at 2 (Weiner letter 2).

. Weiner letter 2 at 3; exhibit B.

. Weiner letter 2 at 2; exhibit C.

. Weiner letter 2 at 2; exhibit D.

. Weiner letter 2 at 4.

. Weiner letter 2 at 6.

. Weiner letter 2 at 8.

. Weiner letter 2 at 9.

. Id.