*24 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, accusatory instrument dismissed and fine, if paid, remitted.
Following a jury trial, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). During the People’s case-in-chief, the trial court admitted into evidence defendant’s two-page electronically-generated driving abstract, which was certified by the Commissioner of Motor Vehicles; an order of suspension or revocation, dated March 12, 1997, certified by the Commissioner of Motor Vehicles; an undated document entitled “Affidavit of Regularity/Proof of Mailing,” which was signed by Sharon Greene, a clerk in the Department of Motor Vehicles; and a document entitled “Certified Abstract of Driving Record,” which was also signed by Greene. Said documents were admitted over defendant’s objection that they were inadmissible pursuant to Vehicle and Traffic Law § 214 since the “Affidavit of Regularity/Proof of Mailing” was not notarized. At the close of the People’s case, defendant moved for a trial order of dismissal on the ground, inter alia, that the “Affidavit of Regularity/Proof of Mailing” should not have been admitted into evidence since it was not notarized.
Vehicle and Traffic Law § 214 creates a statutory exception to the hearsay rule in which an affidavit of regularity/proof of mailing, order of suspension/revocation and a defendant’s driving abstract are admissible into evidence, despite their ability to be independently admitted pursuant to any evidentiary hearsay exception, which, in turn, creates a presumption of mailing (and knowledge) which may be rebutted by the defendant (see People v Meyer, 177 Misc 2d 537 [App Term, 9th & 10th Jud Dists 1998]). Herein, the undated document entitled “Affidavit of Regularity/Proof of Mailing” contains no notary signature and stamp and, therefore, is not an affidavit despite its title. In addition, said document is not admissible into evidence pursuant to any other statutory or common-law public records hearsay exception, and the People presented no other evidence regarding the mailing of the order of revocation. Consequently, the People did not create a presumption of mailing and knowledge. Moreover, Greene’s “Certified Abstract of Driving Record,” in which she states that the aforementioned documents were made in the regular course of business at the time of each event rec *25 orded or within a reasonable time thereafter, was not admissible pursuant to Vehicle and Traffic Law § 214. Unlike the certifications by the Commissioner of Motor Vehicles, this court cannot take judicial notice of Greene’s responsibilities, and the People did not establish the requisite foundation to admit the document pursuant to CPLR 4518 or the common-law public records hearsay exceptions.
We note that we need not determine whether said documents would, in any event, have been inadmissible pursuant to Crawford v Washington (541 US 36 [2004]; see People v Pacer, 6 NY3d 504 [2006]), since defendant did not raise a Crawford objection to their admissibility in the court below (see People v Kello, 96 NY2d 740, 744 [2001] [“defendant’s failure to raise a Confrontation Clause objection precluded the trial court and prosecution from considering and, thus, avoiding any constitutional error which . . . differs from the trial evidence error which was preserved”]). However, it should be noted that whenever a trial court confronts a Crawford objection under similar circumstances, the recent Court of Appeals decision in People v Pacer (6 NY3d 504 [2006], supra) must be considered.
Consequently, we find that the trial court improperly denied defendant’s motion for a trial order of dismissal since the People failed to establish their prima facie case, which includes a showing of defendant’s knowledge of the revocation, in that they never created a presumption of mailing of the order of revocation. Accordingly, the accusatory instrument is dismissed. We pass on no other issue.
Angiolillo, J.P., McCabe and Tanenbaum, JJ., concur.